## FRANK CIHAK

### v.

## HYNEK KLEKR ET AL.

1.  CONVEYANCE.—A deed conveying a lot with "appurtenances," but which makes no reference in terms to the adjacent alley, passes no right or interest in the alley, unless such right or interest passes as an "appurtenance."

2.  EASEMENT—EXTINGUISHMENT.—A previously existing easement becomes extinguished when the title to the dominant and servient estates becomes united in one person.

3.  DEDICATION—PRIVATE ALLEY.—A dedication of a portion of land for a private alley is a dedication of it to the use of the persons who shall thereafter become owners of the lots included in the plat, but will not be a dedication of it to the use of owners of land situated elsewhere.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed November 4, 1885.

This was a bill in chancery, brought by Frank Cihak against Hynek Klekr and others, to restrain the defendants from vacating and closing up an alley running along and adjoining one side of a lot owned and occupied by the complainant. It appears that in 1859, one Wilder was the owner of lots 19, 20 and 21, situate on the southwest corner of De Koven and Jefferson streets, in the city of Chicago, and located as shown on the following plat:

Cihak v. Klekr et al.

At about that time an agent of said Wilder subdivided said lots 20 and 21, and drew a plat of the three lots, showing the subdivision, and rented the property from time to time to various tenants accordingly to such subdivision. Said plat, which was never acknowledged or recorded as a statutory plat was as follows:

The strip of land ten feet in width on the west side of lot 20 seems to have been used from that time forward by the occupants of said lots, and to some extent by others, as an alley. There is considerable evidence tending to show that it was low and wet, so as to be covered with water or mud during a considerable portion of the year, and nearly or quite impassable, and that for that reason its use as an alley was quite limited. It was left, however, open at the ends abutting respectively on DeKoven street and the public alley, and some time after the plat was made, but at what precise date the evidence fails to show with much certainty, the alley was inclosed by fences and buildings, running along its east and west lines. The tenant occupying the east half of lot 19, erected a cottage fronting on DeKoven street, and running back on the line of the alley, and having a window opening upon the alley, and the occupants of the lots constituting the subdivision of lots 20 and 21 erected barns or sheds on or near the east line of the alley.

Said lots and alley continued to be occupied and used, substantially as above stated, by the tenants of said Wilder and his grantees, until the 11th day of August, 1882, when Ann J. Hubbard, who was then the owner of all of said lots, made, executed and acknowledged a plat of a subdivision of said lots 20 and 21, said plat being as follows:

After the foregoing plat was executed by Mrs. Hubbard, and before it was examined and approved by the proper public officer, or placed on record, the complainant entered into negotiations with Mrs. Hubbard's agent for the purchase of the east half of lot 19. The complainant's agent or broker, on examining the abstract of the title to the property, discovered that there was no plat on record showing the alley, and called the attention of Mrs. Hubbard's agent to that fact, whereupon the latter replied: "That is all right, I have a plat here," showing him the above plat, saying that he was going to put

it on record, and also saying "I am going to sell the other lots subject to this plat, and the alley as it is being platted out." At that time none of the other lots had been sold. The plaintiff refused to buy unless the plat was put on record, but on being assured that it would be recorded, he completed the purchase. The deed from Mrs. Hubbard to him contained no mention of the alley, and no reservation or covenant in reference thereto.

Some time after the execution of said deed, said plat was duly examined and approved by the proper officer and placed on record, but before it was recorded, lot 1 in the subdivision was conveyed by Mrs. Hubbard to said Hynek Klekr, and lot 2 to Joseph Kvasnicka, another of the defendants, both of said deeds containing a reservation of the use of the west ten feet of the lot conveyed for an alley. After the recording of the plat, lots 3 and 4 of the subdivision were conveyed to Jaroslav Lenock, another of the defendants.

The defendants, thus being the owners of all the lots contained in the subdivision, for the purpose of vacating said alley, executed and placed on record, without the knowledge or consent of the complainant, an instrument conveying and releasing to each other any easement or other interest they might have in said alley, and vacating the same. The bill prays that the defendants be enjoined from building upon or obstructing said alley. The cause being heard on bill, answer, replication and proofs, a decree was rendered dismissing the bill for want of equity at the complainant's costs, and the complainant brings the record here by appeal.

Messrs. KRAUS & MAYER, for appellant; that where the owner of two heritages, or of one heritage consisting of several parts, has arranged and adapted these so that one derives a benefit and advantage from the other of a continuous and obvious character, and he sells one of them without making mention of those incidental advantages or burdens of one in respect to the other, there is in the silence of the parties an implied understanding and agreement that these advantages and burdens shall continue as before the separation of title, cited Morrison v. King, 62 Ill. 30; Ingals v. Plamondon, 75 Ill. 118; Had-

den v. Shoutz, 15 Ill. 581; Gerber v. Grabel, 16 Ill. 223; Thomas v. Wiggins, 41 Ill. 471; Phillips v. Phillips, 48 Pa. St. 178; McCarty v. Kitchenman, 47 Pa. St. 239; Connor v. Boyd, 73 Pa. St. 179; Durel v. Boisblanc, 1 La. Ann. 407; Lampman v. Mills, 21 N. Y. 505; Simmons v. Cloonan, 81 N. Y. 557; Watts. v. Kelson, L. R., 6 Ch. App. 166; Dunklee v. Wilton, 24 N. H. 489; Jones v. Jenkins, 34 Md. 1; Sanderlin v. Baxter, 76 Va. 299; Elliott v. Rhett, 5 Rich. Law (S. C.), 405; Goodall v. Godfrey, 53 Vt. 219; Cave v. Crafts, 53 Cal. 138; Brown v. Berry, 6 Cold. 98; Washburn on Easements, *50 et seq.; Gale on Easements, 4th Ed. 85; Goddard on Easements, Bennett's Ed., 119–124.

As to dedication by user: Angell on Highways, 135; Wilson v. Saxon, 27 Ia. 15; Harding v. Jasper, 14 Cal. 642; Green v. Chelsea, 24 Pick. 71; Dodge v. Stacey, 39 Vt. 574; Child v. Chappell, 9 N. Y. 256; Fisk v. Havana, 88 Ill. 208; Kile v. Logan, 87 Ill. 64; Ill. Ins. Co. v. Littlefield, 67 Ill. 368; Harding v. Hale, 61 Ill. 192; Guthrie v. New Haven, 31 Conn. 321; Joliet v. Verley, 35 Ill. 58; Rees v. Chicago, 38 Ill. 322.

Messrs. BLUM & BLUM, for appellees; that in order to constitute a dedication there must be an intention to dedicate cited 2 Hilliard on Real Property, 31, 34; Warren v. Jacksonville, 15 Ill. 240; Daniels v. People, 21 Ill. 439; Ill. Ins. Co. v. Littlefield, 67 Ill. 368; Carpenter v. Gwynn, 35 Barb. 395; Chicago v. Wright, 69 Ill. 319; Chicago v. Thompson, 9 Bradwell, 524.

The words or acts which are to effect a dedication must be unambiguous: Smith's Leading Cases (8th Ed.), Vol. 2, p. 182; Ill. Ins. Co. v. Littlefield, 67 Ill. 370; Angell on Highways, 11; Forbes v. Balenseifer, 74 Ill. 187; Trustees v. Walsh, 57 Ill. 364; Grube v. Nichols, 36 Ill. 96; Fox v. Virgin, 5 Bradwell, 515; Jacksonville v. Walsh, 67 Ill. 540; Stacey v. Miller, 14 Mo. 178; Morse v. Renno, 32 Vt. 600; Gowen v. Phil. E. Co., 5 W. & Serg. 141; Tallmadge v. East River Bank, 26 N. Y. 105.

As to easement by implied grant: Turnbull v. Rivers, 3 McCord (S. C.), 89; McDonald v. Lindall, 3 Rawle (Pa.), 495; Seeley v. Bishop, 19 Conn. 134; Lawton v. Rivers, 2 McCord,

264; Randall v. McLaughlin, 10 Allen, 366; Carbury v. Willis, 7 Allen, 370; Screvin v. Gregorie, 8 Rich. 163; Nichols v. Luce, 24 Pick. 104; Ponfret v. Ricroft, 1 Saunders, 323, note: Collins v. Prentice, 15 Conn. 38; Pierce v. Selleck, 18 Conn. 321; Fetters v. Humphreys, 2 C. E. Greene, 260; Stuyvesant v. Woodruff, 1 Zab. 133; Brukely v. Harp, 1 Stockt. 9; Barker v. Clark, 4 N. H. 380; Johnson v. Jordan, 2 Met. 234; Philbrick v. Ewing, 97 Mass. 133; Suffield v. Brown, 133 L. J. (N. S.) Ch. 249; Warren v. Blake, 54 Me. 276; Gayetty v. Bethune, 14 Pick. 51.

Bailey, P. J.  While the deed under which the complainant claims title conveyed to him the east half of lot 19 with the "appurtenances," it made no reference, in terms, to the adjacent alley.  It follows that no right or interest in the alley passed to him by the deed, unless it passed as an "appurtenance" to his lot.

It is claimed, in the first place, that by actual, open, visible and continuous use of the alley for more than twenty years by the public, it became a public alley, to the use of which the complainant became entitled as a member of the community.  It is also claimed that it became a public alley prior to the conveyance of said lot to the complainant by dedication by the owner.  The evidence as to both of those propositions, though voluminous, is inconclusive and unsatisfactory, and to a great extent conflicting.  We have not the time nor the disposition to attempt to analyze it or to discuss it at length, since we could subserve no useful purpose by so doing.  It will suffice to say, that in our judgment it fails to establish either of those claims, but rather the contrary, and that the court below was right in holding that the complainant was not entitled to relief on the score of any public easement in the alley.

The public not being shown to have had such easement, it follows that, at the time the complainant purchased, the alley was private property.  The title, not only to that, but to all the adjoining lots, was in Mrs. Hubbard.  If there had previously been any easement in favor of tenants or others, the dominant and servient estates were then united in her, and the

easement became thereby extinguished. The entire property was under her sole and exclusive dominion, and she had the right to appropriate it to any purpose she saw fit. The complainant's rights, then, must be limited and governed by the terms of the grant. The only claim that can be made is, as we have said, that an easement in the alley passed as an " appurtenance " to the lot conveyed.

In support of this claim, it is argued that the circumstances attending the negotiation which preceded the conveyance to the complainant, were such as should be held to estop Mrs. Hubbard, as well as the defendants, who hold by subsequent grant from her, from denying the complainant's easement in the alley. And what are those circumstances ?

It appears that the complainant's agent, on examining the abstract of the title of the property which the complainant was about to purchase, discovered that there was no record shown of any plat in which the strip of ground in controversy was reserved as an alley; that the vendor's agent thereupon exhibited to him the plat of the subdivision of lots 20 and 21, which had then recently been executed, and assured him that such plat should be placed on record, and that the lots therein described should be sold subject to the plat and to the alley as there platted; that the complainant was unwilling to purchase except upon the assurance that the plat should be recorded, but that on receiving that assurance he was content, and completed the purchase without insisting upon any reservation or covenant in his deed in relation to the alley.

Now, what did all this amount to beyond a mere assurance to the complainant that the plat, such as it was, should be recorded, and that he should have all such rights and easements as the plat, properly recorded, would give him? This was all he asked, and this was all that was promised him; and the promise, such as it was, was performed. The plat was duly recorded shortly afterward, thus securing to the complainant all he demanded. It is clear, then, that the doctrine of estoppel has no application. No deceit was practiced upon him, and no assurances he'd out which were not strictly and literally fulfilled.

Upon what principle, then, can the alley be said to be an

appurtenance of lot 19? We think it clear that it was not made so by force of the plat. That instrument was a subdivision of land of which lot 19 formed no part. The dedication of a portion of the land thus platted for a private alley, was a dedication of it to the use of the persons who should thereafter become owners of the lots included in the plat, but we know of no principle upon which it can be held to be a dedication of it to the use of the owners of land situated elsewhere. This, as we understand it, is the rule laid down in Smith v. Heath, 102 Ill. 130. There, a square in the interior of a tract of land subdivided was marked "private" on the plat, and it was held that the word "private" indicated that the square was donated for the use of individuals who might thereafter become the owners of abutting lots, and not of the public.

Nor do we think that any easement in the alley passed as appurtenant to the lot by reason of the structure of the complainant's building in relation to the alley. At the time he purchased, as we understand the record, the only building on his lot was a small cottage fronting on De Koven street and abutting on the alley, said cottage having a window opening on the alley. After his purchase, the complainant moved the cottage to the rear of the lot, on the public alley, and erected a brick building in its place, with windows upon the alley, and leaving a vacant space between it and the cottage. With this arrangement of the buildings, the alley became a great convenience, especially in giving access to the open space or yard between the two buildings. But these facts, in our opinion, wholly fail to bring the case within the well recognized rule, that where the owner of a heritage, consisting of several parts, has arranged and adapted the parts so that the one derives a benefit and advantage from the other of a continuous and obvious character, and sells one without making mention of those incidental advantages or burdens of the one in respect to the other, there is in the silence of the parties an implied understanding and agreement that such advantages and burdens shall continue as before the separation of the title. If the complainant was entitled to any rights in

the alley by reason of the peculiar structure of the cottage, such rights were immediately abandoned by him by the removal of that building to another place, and placing it in an entirely different relation to the alley; and the subsequent erection of the brick building and arrangement of the premises with a view to convenient access thereto through the alley, were his acts and not those of his grantor, and were incapable of giving him any rights under the rule above stated.

As we find no error in the record the decree will be affirmed.

Decree affirmed.