### GRAFTON *v.* MOIR.

*(Supreme Court, Special Term, New York County.* May 8, 1888.)

INJUNCTION—TO RESTRAIN OBSTRUCTION OF WAY—WHEN LIES.
   Under a deed reserving a right of way over a carriage or alley way in the rear of
   the premises granted, the grantor does not retain a right to an alley-way 18 feet
   wide so as to restrain the grantee from occupying a portion of it with a building,
   where it does not appear that his means of access will be thereby impeded.

At chambers. On motion to continue a preliminary injunction.
*Treadwell Cleveland,* for complainant. *Stephen H. Olin,* for defendant.

VAN BRUNT, P. J. This motion is for the continuance of a preliminary injunction obtained by plaintiff to prevent the defendant from building over and narrowing a carriage or alley way, about 18 feet wide, running northerly from Thirty-First street along the rear of the four lots on the north-easterly corner of Thirty-First street and Fifth avenue. This carriage or alley way was laid out in 1852 by Thomas E. Davis, the common grantor of the plaintiff and defendant, and in the deed to the ancestor of the immediate grantors of the defendant the reservation is as follows: "Reserving, nevertheless, to the owners and occupants of the three houses and three stables on the easterly side of Fifth avenue, next north of the premises above conveyed, the right of way through and over the carriage or alley way in the rear of the said above-granted premises, to the three stables next north of the one standing on the rear of the above-granted premises, as long as said three stables shall be occupied as private stables.

It would appear, from an examination of the brief submitted upon this motion by the counsel for the plaintiff, that the theory upon which he seeks to enforce his right is that, because of the reservation above mentioned, he has acquired the same right to light, air, and access by means of this alley-way

that an abutting owner has upon a street. In this we think he has entirely mistaken the rights which he has acquired by reason of the reservation. It is a familiar rule of construction with respect to the grant of an easement that no more than is necessary for the enjoyment of the easement is presumed to have been intended to be granted. Upon an examination of the phraseology of the reservation above referred to, it is apparent that the only easement intended to be granted was the right of passage to and from the stables in the rear of the granted premises. No interest whatever in the soil of the alley-way was intended to be granted, but simply, as has already been said, a right of access to and egress from these stables over this carriage or alley way. Applying the rule of construction already referred to to this language, all that was granted was that which was necessary to make such access and egress effectual. As long as said access and egress were not interfered with, no rights of the plaintiff are infringed by the defendant. In the case of the abutting owner, he has an interest in the land of the street itself, subject to the public use to which such street has been devoted: and he has a right to the light, air and access which the opening and maintenance of such street gives him, because he has paid therefor in the assessments for benefit which have been levied upon his property at the time of the opening of the street. In the case at bar, however, no such rights exist. No interest in the soil is granted; no right to light or air is conveyed, except such a degree of light as is necessary to make the access to the premises effectual. Neither has the plaintiff the right to claim that the whole of the carriage-way shall be left open for the purposes of his use. All that he has a right to claim is that so much of the carriage or alley way shall be left as will not interfere with his access to or egress from the stable to which it is an appurtenance. The plaintiff cannot maintain his claim that he has a right over the whole width of the carriage-way which existed at the time of the grant, when it appears that the whole width is not necessary for the full enjoyment of the easement. As well might the grantee of an easement claim, where the grant gave a passage over a 10-acre lot to a particular point, that he had a right to the use of the whole 10-acre lot for such purpose. There is nothing in the papers upon which this injunction is sought to be upheld which shows that in any way, by the building which it is proposed to construct over this passage-way, the access or egress of the plaintiff will be in any way affected or restricted, or that it will so diminish the light in said alley-way that this right of access or egress will be interfered with. Various authorities have been cited, both upon the part of the plaintiff and upon the part of the defendant, as applicable to the question which is involved upon this motion; but it will be seen that they only illustrate the principle already announced, and depend upon the peculiar circumstances surrounding the premises upon which the easement was created. I am of the opinion, therefore, that no right of the plaintiff will be infringed by the proposed erection, that his right of access will be preserved in its integrity, and that this is the only easement which he has acquired by the reservation above mentioned.

The motion to continue the injunction should therefore be denied, and the preliminary injunction dissolved, with $10 costs to abide the event.