received the money in a fiduciary capacity, nor did it allege any further facts in relation thereto than those stated. A motion to vacate the order of arrest was denied, and defendant appeals. For former report, see 6 N. Y. Supp. 406.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Austen G. Fox,* for appellant. *Daniel D. Sherman,* for respondent.

PER CURIAM. The order appealed from should be reversed, and the order of arrest vacated, without costs.

---

## GRAFTON *v.* MOIR.

*(Supreme Court, General Term, First Department.* February 14, 1890.)

EASEMENTS—RESERVATION IN DEED—INJUNCTION.

> Under a deed reserving a right of way over an alley 18 feet wide, in the rear of the premises granted, the grantor does not retain a right to the entire width of the alley, so as to restrain the grantee from occupying a portion of it with a building, where it does not appear that his means of access will be thereby impeded. Affirming 1 N. Y. Supp. 4.

Appeal from special term, New York county.

Action by Joseph Grafton against William Moir, to enjoin defendant from building over and narrowing a carriage or alley way, about 18 feet wide, running northerly from Thirty-First street along the rear of the four lots on the north-easterly corner of Thirty-First street and Fifth avenue. This carriage or alley way was laid out in 1852 by Thomas E. Davis, the common grantor of plaintiff and defendant, and in the deed to the ancestor of the immediate grantors of the defendant the reservation is as follows: "Reserving, nevertheless, to the owners and occupants of the three houses and three stables on the easterly side of Fifth avenue, next north of the premises above conveyed, the right of way through and over the carriage or alley way in the rear of the said above-granted premises, to the three stables next north of the one standing on the rear of the above-granted premises, as long as said three stables shall be occupied as private stables." A motion to continue the preliminary injunction was denied, (see 1 N. Y. Supp. 4,) and judgment rendered for defendant at the trial at special term. Plaintiff appeals.

*Evarts, Choate & Beaman, (Treadwell Cleveland* and *William V. Rowe,* of counsel,) for appellant. *Olin, Rives & Montgomery, (Stephen H. Olin,* of counsel,) for respondent.

BARRETT, J. We think the conclusions arrived at by the special term were correct. The opinions delivered in this case by the presiding justice (1 N. Y. Supp. 4) upon the motion for an injunction *pendente lite,* and by Mr. Justice INGRAHAM[1] upon the trial of the issues, fully cover all the points discussed before us; and we concur in their reasoning, as well as in the general conclusion that the rights reserved have not been invaded. Much of the plaintiff's argument is based upon the tenor of the grant (of the easement) to him and to his predecessors. The defendant, however, is bound only by the reservation in the deeds under which he has taken title. That reservation is limited to a right of way through and over the alley in question. So long, therefore, as a convenient and sufficient right of way is afforded him, the plaintiff cannot complain; and that he has such right of way has been found upon sufficient evidence. There was no reservation of any use of the alley-way save such as was needful for proper ingress and egress. What the plaintiff claims is the right to use every foot of the alley-way, whether actually needful for a convenient right of way or not; also the right to all the air and light obtainable from an entirely open and uncovered space. These

[1] See note at end of opinion.

rights, however, were not reserved; certainly not in express terms. Nor were they reserved by implication arising from the surrounding circumstances. As there was no express reservation of light and air, or of an open space overhead, it would require an extraordinary state of facts—of which, indeed, it is difficult to conceive—to justify the inference that a mere naked reservation of a right of passage limited the grantee's use of his land to such purposes as would not be likely to affect the thorough ventilation of his neighbor's stable or the comfort of his neighbor's horses. The judgment should be affirmed, with costs.

### NOTE BY THE EDITOR.

The opinion filed at special term in January, 1889, is as follows:

"INGRAHAM, J. The covenant in the deed to the defendant's grantor, and by which the extent of the easement to which the defendant's property is subject must be determined, reserves to the owners and occupants of the three houses and the three stables on the easterly side of Fifth avenue, next north of the premises conveyed, the right of way through and from the carriage or alley way, in the rear of the premises conveyed, to the three stables next north of the one standing on the rear of the granted premises, as long as the said three stables shall be occupied as private stables. On the application to continue the temporary injunction in this action, this covenant was construed by the presiding justice, who said: 'Upon an examination of the phraseology of the reservation above referred to, it is apparent that the only easement intended to be granted was the right of passage to and from the stable in the rear of the granted premises. No interest whatever in the soil of the alley-way was intended to be granted, but simply, as has already been said, the right of access to and egress from these stables over this carriage or alley way. Applying the rules of construction already referred to, to this language, all that was granted was that which was necessary to make such access and egress effectual. As long as such access and egress were not interfered with, no rights of the plaintiff are infringed by the defendant.' And further on in the opinion the court said: 'Neither has the plaintiff the right to claim that the whole of the carriage-way shall be left open for the purpose of his use. All that he has the right to claim is that so much of the carriage or alley way shall be left as will not interfere with his access to or egress from the stable, to which it is an appurtenance.' 1 N. Y. Supp. 4. Applying the covenant as thus construed to the facts proved on the trial, it is clear, I think, that the defendant has not interfered with or appropriated any right of the plaintiff. There is no provision that, by the most liberal construction, could simply imply a right to appropriate the defendant's property for the purpose of supplying air or light to the defendant's stable. The right reserved is a right of way through and over the carriage or alley way, and the only purpose for which the plaintiff was entitled to use the alley-way was for the right of way. The conveyance to the defendant's grantor was absolute and unqualified, except so far as the covenant in question reserved to the plaintiff's grantor the right to use this carriage or alley way as a right of way to his stable; after he got to his stable, his right to use the alley-way ceases. In other words, the right granted was the right of passage to and from the street, and, as long as the plaintiff enjoys that right of passage, no right of his was interfered with. The covenant gives him no right to use the alley-way over the defendant's property to wash his carriages in, or for the purpose of passage of furniture vans of unusual height and size, or of loads of hay of unusual height or size to and from the street. It appears that the owners of each of the stables have always been in the habit of using a portion of the alley-way in front of their stables, for the purpose of providing a means of access to the stable cellars and the stairway. That the defendant has provided a means of access to the cellar of the building erected on his property, with a railing around it to prevent people from falling in, does not appear to be such an encroachment upon the alley-way as will interfere with the plaintiff's right reserved to him. I think, therefore, that the defendant is entitled to judgment, with costs."