KNABE et al. v. LEVELLE.

(Superior Court of New York City, Equity Term. December, 1892.)

1. EASEMENT—EXCAVATING UNDER ALLEY—RIGHTS OF ABUTTING OWNERS.
    Where the grantor of lots abutting on an alley appropriates the alley to the use of the lot owners forever, a lot owner has such an interest in the soil of the alley as entitles him to damages from the owner of the lot on the opposite side of the alley, who excavates and uses the space thereunder.

2. SAME—DAMAGES.
    Such damages are nominal, only, unless actual damages are proven, as there can be no recovery for the use of the space.

3. SAME—ANCIENT LIGHTS.
    Where one erects a building on his own lot the fact that it shuts out light and air from the adjoining owner gives the latter no remedy, though he has enjoyed the same for more than 50 years.

Action by Diederick Knabe and others against Alexander Levelle to restrain defendant from excavating under an alleyway, and for damages. Judgment for plaintiffs.

G. Robinson and J. A. Grow, for plaintiffs.
Donohue & Cardozo, for defendant.

McADAM, J. Alexander L. Stewart, in the year 1816, was the owner in fee of a large piece of ground, which he caused to be cut

up into lots, and laid out on a map, and on it he appropriated nine feet of the land as an intended alleyway between the lot which has since been acquired by the plaintiffs and the one purchased by the defendant. The alley, after leaving the rear end of the front lots, runs in diverse directions,—one northeasterly, and the other northwesterly,—for the benefit of all who became abutting owners along any portion of the alley. The entrance to the alley was on Desbrosses street, between lots 14 and 16. Stewart conveyed lot No. 16, with a frontage of 21 feet, to John Holloway, December 5, 1816; and the plaintiffs have, by certain mesne conveyances, succeeded to his title. The westerly boundary was described "as the center of the easterly end of a party wall of the house to be built adjoining said lot by William Honay, and partly by an intended alley nine feet wide," through which alley the grantee and his assigns were given the right to pass and repass without annoying other persons similarly privileged therein. Stewart conveyed lot No. 14, with a frontage of 20 feet, to William Honay, December 28, 1816; and the defendant has, by certain mesne conveyances, succeeded to his title. The easterly boundary was described in the deed as "by an intended alley," with the right to extend any building to be erected on his lot "over said alley," and to place the easterly end or party wall of such building along the easterly side of said alley, so as to leave the alley, when so built over, in breadth 9 feet, and in height at least 12 feet, with the right to pass and repass through said alley without annoying other persons privileged therein. The plaintiffs, therefore, acquired a fee in 21 feet of land east of the alley, with an easement or right of way appurtenant in the alley, while the defendant acquired a fee in 20 feet of land west of the alley, with an easement or right of way appurtenant in the alley similar to that conferred upon the plaintiff, and all the other abutting owners acquired like privileges. The only additional right given to the defendant was to put his building over the alleyway, at a height of 12 feet from the surface of the alley, and build a party wall, one-half on the easterly part of the alley, and the other half upon land adjoining, which wall belongs to the plaintiff. Buildings were put upon the respective lots according to these provisions. When the defendant's predecessor in title built over the alley the entire structure became his; the title to 20 feet being in fee, and the part that covered the alley being in the nature of an incorporeal hereditament, to continue forever. It was an incident of the fee, and would pass, as appurtenant thereto, to the heirs and grantee of the owner. Griffiths v. Morrison, 106 N. Y. 165, 12 N. E. Rep. 580.

It is conceded that the different abutting owners acquired easements or rights of way over the surface of the alley for ingress and egress, and the question now presented is as to their rights in and to the soil under the surface of the alley. It arises in this manner: In July, 1891, the defendant tore down the building on his lot, and rebuilt, covering the alleyway as before. He built the party wall thicker and carried it higher and further back than the one erected

in 1816. The defendant also insisted upon his right to excavate the alley, and make use of the space under the passageway by substituting in place of the former roadway a substantial covering of heavy timbers, over which the easements or right of way of all parties could be enjoyed with as much, if not more, ease and comfort than before. The plaintiffs obtained an injunction enjoining all interference with the soil of the alley; but the injunction was, after argument, vacated, upon the execution of a bond by the defendant, conditioned to pay any damages which might be recovered in the action. The defendant thereafter completed his new building, and appropriated to the use of the cellar or basement thereof the space underneath the .alleyway. This makes it necessary to determine whether the plaintiffs had such an interest in the soil of the alley as entitles them to call the defendant to account for the appropriation so made, and such as gives them a present remedy for the recovery of damages. The defendant, in limine, invokes the familiar rule that the plaintiffs must succeed, if at all, upon the strength of their own title, unaided by any infirmity in that of the defendant; that the deed from Stewart to Holloway, under which the plaintiffs derive their title, conveyed to the grantee the premises now known as "No. 16 Grand street," "with the right to pass through the alley in question without obstructing or annoying other persons whom the party of the first part may privilege," and that this deed limited the plaintiffs' interest in the alley to a right of ingress and egress, so that, unless they can show that such right has been infringed, they have no standing in court; citing Grafton v. Moir, (Sup.) 1 N. Y. Supp. 4, 9 N. Y. Supp. 3, affirmed 130 N. Y. 465, 29 N. E. Rep. 974; Atkins v. Boardman, 2 Metc. (Mass.) 457; Burnham v. Nevins, 144 Mass. 88, 92, 10 N. E. Rep. 494; Sutton v. Groll, 42 N. J. Eq. 213, 5 Atl. Rep. 901; Jackson v. Allen, 3 Cow. 220. While the proposition may be true, it concedes, by necessary intendment, that if the grant under which the plaintiffs derive title limits the plaintiffs' interest in the alley, the grant under which the defendant derives title, in like manner, restricts his interest in the use of the alley to the same prescribed purposes; and herein lies the keynote of the whole case. Wood, Nuis. § 170. In this connection reference may be had to a few legal principles: (1) That the grant of a specific easement negatives any implied right to the enjoyment of a further one. (2) That nothing passes as incident to the grant of an easement but what is requisite for its enjoyment, and then only by the use of plain and direct language. (3) That a party cannot convey land in fee, and the mere use of other land, without excluding the latter from the principal grant. (4) That a person having a right of way has no legal cause of complaint if the mode of ingress and egress furnished is sufficient for the convenient use of the right granted.

It appears that Stewart, the common source of title, devoted the alley to the use of the abutting lots, the right to continue forever. He laid the alley out on his map, and marked out the lots abutting on it, and sold them in conformity to that map, and in this way dedi-

cated the alley to the use of the adjoining land.   5 Amer. & Eng. Enc. Law, 395 et seq.   Indeed, where lots are sold according to a plat, with streets and alleys laid down for the use of the owners of such lots, such streets and alleys are, as between grantor and grantee, dedicated to the use of such owners, and to the public, when it desires them for public use, and the fact that they have not been accepted as public highways renders them none the less dedicated to the use of such owners.   Trustees v. Cowen, 4 Paige, 510; Livingston v. Mayor, 8 Wend. 85; In re Eleventh Ave., 81 N. Y. 436; 3 Washb. Real Prop. 451; Rummel v. Railroad Co., (Super. Ct. Buff.) 9 N. Y. Supp. 404; Story v. Railroad Co., 90 N. Y. 122, (with note) 11 Abb. N. C. 236; Coe v. Bearup, 14 Wkly. Dig. 246; De Witt v. Village, 15 Hun, 568.   As between the parties, the dedication is complete upon the delivery of the deed; as to the public, upon an acceptance by the public authorities, which may be shown by use of the lands so dedicated.   De Witt v. Village, supra.   The principle on which the dedication is held irrevocable is that to allow it to be recalled to the injury of one who purchased adjoining land on the faith of it would operate as a fraud.   Herm. Estop. § 521.   At common law, and in the absence of a statutory dedication, the highway is an easement, merely, and the landowner has all the rights of property in the soil of the highway, but subject to the easement.   He has a right to sell the land, subject to the easement.   He may mine under it, carry pipes beneath it, or run a drain under it.   He may also have an action of trespass against any one cutting trees, or digging up the soil.   9 Amer. & Eng. Enc. Law, 374, 375, and cases cited. Where an easement in land is dedicated to public use the public have no right in the land inconsistent with such use, and cannot convey it away.   Id. 412.   Substantially the same rules apply to private alleys.   Cihak v. Klekr, 17 Ill. App. 124; Cox v. James, 59 Barb. 144, 45 N. Y. 557; Tibbits v. Cumberson, 39 Hun, 456; Child v. Chappell, 9 N. Y. 246; Hargro v. Hodgdon, (Cal.) 26 Pac. Rep. 1106; Wiggins v. Tallmadge, 11 Barb. 457.

While it is an established principle that nothing passes as an incident to the grant of an easement but what is requisite to its fair enjoyment, the plaintiffs seek to maintain a recovery on the theory that the plaintiffs have some estate in the alley, acquired by the dedication of the alley.   They claim:   (1) That when Stewart, by the terms of his deeds to the abutting owners, set apart this alley for the use of said lots "forever," he intended to dedicate it for that purpose, and did not intend to retain the ownership of the soil.   Welsh v. Taylor, (N. Y. App.) 31 N. E. Rep. 896.   (2) That, not having reserved any fee in the alley, the doctrine of dedication concludes him from asserting his former title, (Ger. Real Estate, 3d Ed., 736,) on the equitable principle of estoppel, (Id.; Wiggins v. McCleary, 49 N. Y. 346; Taylor v. Hepper, 2 Hun, 646, affirmed 62 N. Y. 649.)   The trend of argument leads to the conclusion that the fee in the alley, subject to the easements, remained in Stewart until all the adjoining lots were sold and conveyed, and was then held in abeyance, or in gremio legis, or else in nubibus, subject to

any formal abandonment of the alley as such, when the fee would rest in the abutting owners at the time, as tenants in common. Adams v. Railroad Co., 11 Barb., at page 453, revised, but on other grounds, 10 N. Y. 328; Kelsey v. King, 1 Trans. App., at page 137. Owners of land bounded on an alley, who have free use thereof, have substantially the same rights therein that the public has in its highways; and if the alleyway is abandoned the soil belongs to them as tenants in common, (Ellis v. Academy of Music, [Pa. Sup.] 15 Atl. Rep. 494,) and until such formal abandonment the interest of the abutting owners is of an incorporeal nature, only passing as appurtenant to any grant of the fee of the abutting property to which it is an incident. Where the title of the owner of the fee extends to the middle of the public highway, his grant of an abutting lot may carry title to the center of the street, (Dunham v. Williams, 37 N. Y. 251,) depending on the intention of the parties, as evidenced by the words of the grant. Thus, a grant bounding "by," "on," or "along" a highway carries the fee to the middle, if the grantor owned to the middle; but one bounding "by the side of," "by the margin of," or "by the line of," does not carry beyond the edge of the road. 9 Amer. & Eng. Enc. Law, 375; Ger. Real Estate, (3d Ed.) 518; Holloway v. Delano, 64 Hun, 27, 34, 18 N. Y. Supp. 700; In re Sixty-Seventh St., 60 How. Pr. 264; In re Ladue, 118 N. Y. 213, 23 N. E. Rep. 465. So, in regard to a lane between two closes, used as a way, the presumption is that the soil ad medium filum viae belongs to the owner on each side. But in this, as in the case of a highway, the intention, as evidenced by the words, boundaries, and terms of the grant, controls. Dedication is the act of devoting or giving property for some object or purpose, and in such a manner as concludes the owner, but he is never concluded beyond the object or purpose specified. Implied covenants are always confined within the limits of express covenants, for "expressio unius est exclusio alterius." Broom, Leg. Max.

In this case the rights of the grantees were not left to implication, but were specifically expressed to be a mere right of passage over the land, and this privilege is not to be enlarged or extended into a larger or greater interest. It is claimed that where a vendor sells city property with reference to a map or plat on which streets, etc., are laid down in the vicinity of lots sold, the law presumes that the vendor has obtained an enhanced value therefor, and impliedly grants to the purchaser the right and privilege of having such streets, etc.; that it operates immediately in the nature of an estoppel, upon the principle that to retract the promise implied by such conduct would operate as a fraud, (Watertown v. Cowen, 4 Paige, 510; Livingston v. Mayor, 8 Wend. 86; Cincinnati v. White, 6 Pet. 431;) that a dedication of land for a private alley is a dedication of it to the use of the persons who shall thereafter become owners of the lots in the plat, but not to the use of owners of land situate elsewhere, (Cihak v. Klekr, 17 Ill. App. 124;) and that, after conveying all the land abutting the alley, the owner of the common source of title cannot grant new rights

of way therein to strangers, (Lewis v. Carstairs, 6 Whart. 193.) While all this may be true, it does not follow that Stewart lost all title whatever to the fee, so that nothing remained in him which might be asserted if the alleyway became formally abandoned, or it should ultimately be taken, under the right of eminent domain, for a public highway. The extent or value of such remaining interest need not be considered now. The fact that he has an interest in the fee, though in abeyance, is enough. Though the alley is what might be termed an alley in common, the abutting owners had a mere right of way therein, and the rule in regard to taking title to the middle of the alley does not apply. The grantees of Stewart did not take the fee, for the owner in fee cannot have a mere easement in his own property, the lesser estate being merged in the greater. In Rivera v. Finn, (Sup.) 3 N. Y. Supp. 22,—a case much resembling this, and affecting one of the same Stewart alleys,—the court denied all relief to a plaintiff holding title similar to that possessed by plaintiffs. The court held that the fee to the alley was in Stewart, and that the plaintiff had no right of action against an adjoining owner who, like the defendant, had excavated under the alleyway, so long as the plaintiff's easement was unimpaired, and he was left with convenient means of ingress and egress through the alley.

The defendant has cited a number of cases,—among them Atkins v. Boardman, 2 Metc. (Mass.) 457, wherein the owner of two parcels conveyed one of these parcels, bounding it "by a passageway of about five feet wide," and reserving a right of ingress and egress through the same. The grantee attempted to place a covering over the alley, and application was made to restrain him. It was held that the owner of land over which his grantor had reserved a passageway may lawfully cover such passageway with a building, if he leaves a space so wide, high, and light that the way is substantially as convenient as before for the purpose for which it was reserved. See, also, Burnham v. Nevins, 144 Mass. 88, 10 N. E. Rep. 494; Sutton v. Groll, 42 N. J. Eq. 213, 5 Atl. Rep. 901. But, like Grafton v. Moir, 130 N. Y. 465, 29 N. E. Rep. 974, these were cases where the owner of the fee attempted to make use of open spaces reserved as alleyways, in a manner not inconsistent with the easements charged thereon; and the courts uniformly held that, so long as the holders of the right of way had convenient access to enjoy the liberties granted, their rights were not infringed upon, and they had no grievance requiring redress. Those cases hardly reach the point which is presented here, i. e. between abutting owners, with rights of way only, neither having anything in the nature of a profit a pendre, but restricted to uses specifically designated. 2 Wait, Act. & Def. 659. The presumption as to the adjoining owners taking title to the middle of the alley is destroyed by the fact that those abutting the alley had mere easements, in connection with other occupants in the rear, possessing the same rights as those vested in either the plaintiffs or defendant.

The fact that in two of the mesne conveyances in plaintiffs' chain

of title no mention is made of the right of way amounts to nothing, as it is an appurtenant easement, and follows the estate. Hil. Real Prop. (3d Ed.) 336; Manderbach v. Bethany Orphans' Home, (Pa. Sup.) 2 Atl. Rep. 423; Kuecken v. Voltz, 110 Ill. 264; Foote v. Railroad Co., (Sup.) 12 N. Y. Supp. 516. And this would follow though reference to the easement had been purposely omitted. Potter v. Iselin, 31 Hun, 134.

The temporary injunction having been vacated, and the defendant permitted to complete his work on giving a bond to pay any damages that might be recovered, the action has practically resolved itself into one involving the plaintiffs' right to that form of relief. One who has a right of way may maintain case for its disturbance. Allen v. Ormond, 8 East, 4; 3 Bl. Comm. 241; Wood, Nuis. 172; Welsh v. Taylor, 50 Hun, 137, 2 N. Y. Supp. 815. But, in the absence of actual damages specifically proved, those recoverable are nominal only. There is a broad distinction between an injury to a right incident to property, and an injury to the property itself; the latter, unlike the former, being capable of estimation enabling the correct amount to be fixed and awarded as compensation for the wrong. The plaintiffs, having no present title to the soil under the alley, can recover nothing for the defendant's use of the space thereunder, although, perhaps, unauthorized.

The other phases of the case must next be considered. The defendant had the right to extend his building back upon his lot, and to build it as high as he pleased to go; and if, in exercising these legal rights, the plaintiffs have been inconvenienced by the shutting out of light and air, they are without a remedy. Radcliff v. Mayor, 4 N. Y. 195. And see Griffiths v. Morrison, 106 N. Y. 165, 12 N. E. Rep. 580. The plaintiffs acquired no monopoly of light or air publici juris, by grant, prescription, or otherwise, and have no ground of complaint in respect thereto. Myers v. Gemmel, 10 Barb. 537; Shipman v. Beers, 2 Abb. N. C. 435. The building erected by the defendant covers his own land. If he had attempted to build upon an open space dedicated to a courtyard, (Myers v. Gemmel, supra,) or had built upon the yard of a house appurtenant to a demise, (Doyle v. Lord, 64 N. Y. 432,) a different question would have arisen. The policy of the law is to encourage the most advantageous use of land, and courts will not be diligent in searching for pretexts with which to check the enterprise of an owner of the fee, at the behest of one who is not actually interfered with in the proper enjoyment of an easement. Johnson v. Association, 122 N. Y., at page 336, 25 N. E. Rep., at page 584. The grant and the covenants of the grantor are the precise measure of the plaintiffs' right, (Bliss v. Greeley, 45 N. Y. 671,) and these are silent as to light and air. The fact that the plaintiffs have enjoyed light and air for a period of 50 years is unavailing to secure to them an easement to the enjoyment of that privilege. It is well settled that the doctrine of "ancient lights" does not obtain in this country. Vide supra; Mahan v. Brown, 13 Wend. 260; Parker v. Foote, 19 Wend. 309; Richardson v. Pond, 15 Gray, 387; Cherry v. Stein, 11 Md. 1;

Haverstick v. Sipe, 33 Pa. St. 368.   In like manner, as we have rejected the doctrine of ancient rights, so we have also, in general, rejected the doctrine of implied grant of the right to light and air. A grantor does not derogate from his grant by erecting a building which may obstruct the windows of the grantee; and the plaintiffs, therefore, cannot raise an objection, upon that theory, to the covering of the alley.   That the grant of an easement of light and air is not implied from the grant of a house having windows overlooking land retained by the grantor, vide supra; Keats v. Hugo, 115 Mass. 204; Palmer v. Wetmore, 2 Sandf. 316.   The English decisions cited in Watts v. Kelson, L. R. 6 Ch. App. 166, and in similar cases, are therefore not to be regarded as authorities in this state.   The grant under which the plaintiffs claim confers no authority to put drains or water pipes in the alleyway, and the only theory upon which the right can be asserted is an easement acquired by prescription.   Title by prescription can be gained only where the use is open and unequivocal.   Here the servitude alleged was buried in the ground, not apparent, and no such title ever attached. Butterworth v. Crawford, 46 N. Y. 349; Outerbridge v. Phelps, 45 N. Y. Super. Ct. 555; Munsion v. Reed, 46 Hun, 399; Reiners v. Young, (N. Y. App.) 16 N. E. Rep. 368.   It follows that the plaintiffs are entitled to judgment, but for nominal damages only, with costs.