By the Court. Oakley, Ch. J.
The defendant’s counsel strenuously contends, that the rule which authorizes every man to use his own property as he sees fit, not trespsssing on his neighbor’s rights, does not apply to a landlord in respect of his lands adjoining premises demised by him; and that such landlord cannot use or improve his adjoining lands in any manner that will interfere with the use or enjoyment of the demised premises in the possession of the tenant. That the relative condition of the two lots must continue the same throughout the term, if any change in the state of the lot not leased, will in any degree lessen or prejudice the enjoyment or uses of the lot demised.
We have examined the question, and do not consider the distinction made as to a landlord’s property a sound one. Where there is no question of ancient lights, (and there is none *318 in this case,) the owner of a lot adjoining a house, may so improve or build upon his lot, as to shut up the windows of such house that are situated in the end or side adjacent to his lot. If this were not so, he would be deprived of the full benefit of his own property. We perceive no reason why a landlord, in respect of his tenant, is more restricted as to his vacant lots, than he would be in respect of any other owner for years, or in fee, of an adjacent house.
But if an action could be sustained for damages in such a case as this, there was clearly no eviction of the tenant. The exercise of a right which appertained to the plaintiff as the owner of the adjoining land, could not amount to an eviction of the tenant of another lot.
Motion for a new trial denied.