Cary v. Thompson.

*Pike & Galpin* for appellants.
*Tyler & Brown* for respondents.

## JOHN G. CARY *v.* MAJOR THOMPSON.

A conveyance, in general terms, of a house, passes everything that belongs to the house with it, and whether a thing is parcel or not, of the thing demised, is always matter of evidence.

The plaintiff, by a sealed lease, rented to defendant two houses, describing them as "Nos. 162 and 164 Seventh Avenue"—*Held*, that parol evidence was admissible to show that a certain rear yard or lot passed with the demise of the two houses.

As a general rule, parol evidence is always admissible to ascertain the nature and qualities of the subject to which an instrument refers.

Cary v. Thompson.

And when evidence was excluded which tended to show that it was the under-
standing of both parties, when the lease was executed, that the second or
rear yards were intended to be, and were embraced in it—*Held*, error, and a
new trial will be ordered.

APPEAL by plaintiff from a judgment of non-suit, entered at
Special Term, by Judge BRADY.

The plaintiff, in his complaint, alleged the leasing to him by
the defendant for a term of three years, two houses in Seventh
Avenue, New York City, with the yards, premises and appurte-
nances, and that the defendant (the lessor) in the month of June,
1857, while plaintiff was in possession, "wrongfully, unlawfully,
and without the consent of the plaintiff, and against his wish,
entered upon a part of said premises and wrongfully and un-
lawfully took and converted about twenty feet deep from the
rear part of said two yards to his, the defendant's, own use, and
without the consent of the plaintiff, and still so retains the
same. And also then and there wrongfully took and carried
away, and converted to his own use certain sheds, woodhouses,
and outhouses belonging to the said plaintiff, and situated upon
said premises, of the value of about fifty dollars, and in-
jured the privies and other outhouses belonging to the said
plaintiff's said premises, all without the consent and against
the wish of the plaintiff."

The defendant, in his answer, denied that the part of the
yards so taken possession of by him was embraced in the lease,
or that he had ever leased them to plaintiff.

On the trial, the counsel for the plaintiff proposed and of-
fered to prove " that the plaintiff before he leased the premi-
ses of the defendant, and about the first of April, 1856, exam-
ined said premises and yards in company with said defendant,
and that said defendant then and there pointed out the wood-
houses in the second or rear yard aforesaid, as the place used
by the tenants and occupants of the dwelling houses de-
scribed in the aforesaid lease, as and for their woodhouses and
as the yards used by said tenants and occupants of said dwell-
ing houses for hanging up and drying their clothes."

The defendant objected, and the Court sustained the objec-
tion, and excluded the testimony.

Cary v. Thompson.

The counsel for the plaintiff then proposed to prove that in the month of June, 1857, the defendant took possession of both of said rear yards, and tore down all of said woodhouses, and kept the possession of said rear yards to himself wholly from that time down to the time of the commencement of this action.

The defendant's counsel objected, and the Court sustained the objection.

On motion, the Court non-suited the plaintiff, and dismissed his complaint.

The plaintiff appealed to the general term.

*John C. Dimmick*, for appellant, contended that the testimony offered by the plaintiff should have been admitted, and cited *Greenleaf on Ev.* § 286; *Freeland* v. *Burt*, 1 T. R. 701; *Bacon's Abr Tit. Grant.*

*Andrew Boardman* for respondent.

I. The word *house*, in its most comprehensive signification, means a residence, and whatever is adjoining thereto, enclosed in the same fence; that is, the dwelling-house and curtilage. *Daniel* v. *Coulsting*, 7 Manning & Granger, 125; *Chitty's General Practice*, 175; 2 *Hilliard's Real Property*, 543. In this case, the houses were designated by numbers 162 and 164 Seventh avenue. The plot of land in dispute was an open space in the rear of houses 162, 164 and 166, into which there was an opening from each yard attached to those houses. That space could not be assigned as part of any one of the lots known by those numbers, nor of any two of them. If it was appurtenant to any, it was appurtenant to all; but the houses let to the plaintiff were let to him exclusively; nothing used or to be used in common with others was included in the lease. It is clear, therefore, that this open space was not let to him.

II. The written instrument being free from ambiguity, parol evidence of its meaning was inadmissible.

By the Court.—DALY, F. J.—I think the evidence excluded was competent. The lease was of the two *houses* known as Nos. 162 and 164 Seventh avenue. It is said in *Bacon's*

---

### Cary v. Thompson.

---

*Abridgment* (Title Grant, 1, 3), that the grant of a house passes the curtilage, and a curtilage is a court yard, back side, or piece of ground laying near, belonging to a dwelling-house (*Tomlim's Law Dictionary*), and in *Carden* v. *Tuck* (Cro. Eliz. 89), it was held that in the devise of a messuage, the garden and curtilage passed. The question in the present case was whether the back yard or rear part of the lot passed with the demise of the two houses. Three houses were erected by the defendant on the two lots. They were what is termed, in this City, tenement houses, and the plaintiff leased the two southerly ones. In the rear of each of the houses was a small yard, extending back about twelve feet, and running across the whole width of each lot, and in the rear of this again was another yard, extending back about twenty feet, and extending across the width of the lots. In the first yards the privies were placed; in the second, there were woodhouses and posts for clothes lines, and there was an open entrance or passage way between the first and second yards. The plaintiff offered to show that before he leased the premises, the defendant pointed out to him the woodhouses in the second yard as used by the tenants or occupants of the houses which he afterwards leased; that after he took possession, he repaired the woodhouses; that the defendant saw him making the repairs, and that he asked the defendant to make him some allowance, which the defendant declined, saying, that the woodhouses would not be of much value *at the end of the plaintiff's lease*, which was for three years, with the privilege of a renewal. The plaintiff also offered to show that thirteen months after the demise, the defendant took possession of the rear yards, tore down the woodhouses, and kept possession of them wholly from that time. All that was thus offered was excluded, and the plaintiff's complaint was dismissed. The evidence was competent to show what was intended to pass by the demise of the houses. In a conveyance like this, in general terms, of a house, every thing that belongs to it passes with it, and whether a thing is "parcel or not of the thing demised, is," says Buller, J., in *Doe* v. *Burt* (1 T. R. 704), " always matter of evidence;" and in that case parol evidence was admitted, to show that the parties could not have intended to embrace in the lease, a cellar situated under the yard which was demised. As a general

rule, parol evidence is always admissible in order to ascertain the nature and qualities of the subject to which an instrument refers (*Greenleaf's Evidence*, § 286). The evidence excluded tended to show that it was the understanding of both parties, when the lease was executed, that the second or rear yards in which the wood houses were placed, were intended to be, and were, embraced in it; and if such was the fact, the defendant was a trespasser, and the action was well brought.

Judgment reversed and new trial ordered; costs to abide event.