## NEW YORK SUPERIOR COURT.

MICHAEL DOYLE *et al.* agt. SAMUEL LORD, Jr.. *et al.*

*No covenants by implication as to real estate.*

The statute is explicit that no covenant shall be implied in any convey-
ance of real estate. A lease is a conveyance within the meaning of
statute.

*Special Term, November,* 1874.

FREEDMAN, *J.*—Plaintiffs' claim to relief rests wholly upon
the lease by Ann Gillett, of the store on the first floor of
No. 85 Forsyth street.

This lease did not carry with it an implied covenant
against the obstruction of the windows in the rear of the
store. The statute (1 *Rev. St.* [*Edm. ed.*], 689, *sec.* 140)
is explicit that no covenant shall be implied in any convey-
ance of real estate, and a lease is a conveyance within the
definition of that term contained in the statute. The only
exception that has ever been recognized by the courts is that
the grantor or lessor is held to warrant, by implication, that
he has title. In all other respects the rule of *caveat emptor*
applies (*Canaday* agt. *Stiger*, 3 *Jones & Sp.*, 423; *affirmed*,
55 *N. Y.*, 452).

Nor did the lease carry with it, as a part of the thing
actually demised, the right in the store to derive light and
air from the lessor's adjoining land. *Myers* agt. *Gemmel*
(10 *Barb.*, 587) and *Palmer* agt. *Wetmore* (2 *Sandf.*, 316)
are conclusive upon me upon this branch of the case. In
this connection it may be pointed out that the English doc-

trine of prescriptive right to ancient lights (which rests wholly upon implied covenants in deeds) though recognized in some of the United States, has been expressly repudiated in this state in *Parker* agt. *Foote* (19 *Wend.*, 318). It was held to be inapplicable to the growing cities and villages of this country. This case has been followed in *Pierre* agt. *Ferwald* (26 *Me.*, 436); *Napier* agt. *Bulwinkle* (5 *Richd.*, 99); and *Cheney* agt. *Stein* (11 *Md.*, 1). In Massachusetts the doctrine, if it was ever recognized, was changed by positive enactment.

Nor did the lease grant the yard or any rights therein as appurtenances. I agree with the learned judge who denied the motion for an injunction, that the premises are virtually described as bounded by the four walls of the store. The lease, therefore, carried nothing beyond the boundary as an appurtenance except, perhaps, such rights as were clearly and absolutely necessary to the enjoyment of the demised premises in any way, as, for instance, a right of way to the premises, if such right were necessary to obtain access. But the strict necessity and location of such a right must be shown by extrinsic evidence. Now, instead of its being shown that it was necessary, or that it was the intention of the parties that a right to the use of the yard should pass to the plaintiffs, it does appear that, at the request of the plaintiffs themselves, all access to the yard from the store was effectually cut off at or before the commencement of their term.

For these reasons the erection by the defendants of a building within about two feet and eight inches of the rear wall of the said store does not entitle the plaintiffs to the relief prayed for. They should have protected themselves by an express covenant.

The defendants are entitled to judgment dismissing the complaint with costs.