The following opinion was delivered at special term :
Freedman, J.
Plaintiffs’ claim to relief rests wholly upon the lease by Ann Grillett of the store on the first floor of Ho. 85 Forsyth street.
This lease did not carry with it an implied covenant against the obstruction of the windows in the rear of the store. The statute (1 Rev. Stat., Edm. Ed, 689, § 140) is explicit that no covenant shall be implied in any conveyance of real estate—and a lease is a conveyance within the definition of that term contained in the statute. The only exception that has ever been recognized by the courts is that the grantor or lessor is held to warrant, by implication, that he has title. In all other respects the rule of caveat emptor applies (Canaday v. Stiger, 3 Jones and Sp. 423; affirmed 55 N. Y. 452).
*424 Nor did the lease carry with it, as apart of the thing actually demised, the right in the store to derive light and air from the lessor’s adjoining land. Myers v. Gremmel (10 Barb. 537), and Palmer v. Wetmore (2 Sandf. 316), are conclusive upon me upon this branch of the case. In this connection it may be pointed out that the English doctrine of prescriptive right to ancient lights (which rests wholly upon implied covenants in deeds), though recognized in some of the United States, has been expressly repudiated in this state in Parker v. Foote (19 Wend. 318). It was held to be inapplicable to the growing cities and villages of this country. This case has been followed in Pierre v. Ferwals (26 Me. 436), Napier v. Bulwinkle (5 Richard 99), and Cherry v. Steir (11 Md. 1).
In Massachusetts, the doctrine, if it ever was recognized, was changed by positive enactment.
Nor did the lease grant the yard or any right therein as appurtenances. I agree with the learned judge who denied the motion for an injunction, that the premises are virtually described as bounded by the four walls of the store.
The lease, therefore, carried nothing beyond the boundary as an appurtenance, except, perhaps, such rights as were clearly and absolutely necessary to the enjoyment of the demised premises in any way; as, for instance, a right of way to the premises, if such right were necessary to obtain access. But the strict necessity and location of such a right must be shown by extrinsic evidence. Now, instead of its being shown that it was necessary, or that it was the intention of the parties that a right to the use of the yard should pass to the plaintiffs, it does appear that, at the request of the plaintiffs themselves, all access to the yard from the store was effectually cut off at or before the commencement of their term.
For these reasons, the erection by the defendants of *425 a building within about two feet and eight inches of the rear of the wall of the said store, does not entitle the plaintiffs to the relief prayed for. They should have protected themselves by an express covenant.
The defendants are entitled to judgment dismissing the complaint, with costs.
Francis Byrne, attorney, and A. J. Vanderpoel, of counsel for appellants, urged :—I. Mrs. Gfillett being the owner of the two lots, Nos. 83 and 85 Forsyth street, and having erected the two houses thereon, and being still such owner when she leased respectively to the plaintiffs and to the defendants (by separate demises), the rights of the parties are to be regarded as to the apparent condition of the property. There was a yard, a privy on the same, and two windows in the rear of the store demised to plaintiffs. Consequently the plaintiffs are entitled to light and air, as they then existed. “ The lights are an essential and necessary parts of a house” (Palmer v. Fletcher, 1 Levinz, 122; Robbins v. Barnes, Hobart, 131; Nicholas v. Chamberlain, Cro. Jac. 121; Cox v. Matthews, Ventris, 237; Riviere v. Bower, Ryan & Moody, 24; Compton v. Richards, 1 Price, 27; Coutts v. Graham, 1 Moody & Malk., 396; Story v. Odin, 12 Mass. 157; Peyton v. the Mayor, &c., of London, 9 Barn. & Cress. 725). All the above are cited with approbation in Lampman v. Milks (21 N. Y. 505), and the English law, as to lights, and easements, servitudes, &c., established where the houses have been erected or are owned by the same proprietor. It is there stated, that the decision of Parker v. Foote (19 Wend. 309), as to “the first portion of the rule laid down,” &c„ “has no bearing upon the doctrine, that if a man builds a house, at the same time owning both the site of the house and the adjoining land, and then sells the house, neither he nor his grantees can afterwards build upon the vacant ground so as to ob *426 struct the windows of the house.” The following cases — The New Ipswich Factory v. Batcheldor (3 N. H. 190); The United States v. Appleton (1 Sumner, 492)—are likewise approved therein. In Myres v. Gemmel (10 Barb. 543), the court refers to the adaptation of buildings on adjoining lands for light and air, &c.
II. Light and air, and the right to go into the yard, were easements and appurtenances, &c. (Browning et al. v. Dalesme, 3 Sand. S. C. 13, a case between tenants in the same building, as to right to use of hatch and hoist-way, and of passage and light).
III. The windows as existing, and the yard were “ apparent,’’ and so the plaintiff’s rights were to be respected (Butterworth v. Crawford, 46 N. Y. 349, which was a case of two lots and a privy built on the line and a drain from it through one lot under ground). See also Huttmeir v. Albro (18 N. Y. 48, an easement as to a rear alleyway). “It is a general rule that upon a conveyance of land, whatever is in use for it as an incident or appurtenance passes with it,” at p. 51, Voorhees v. Burchard (55 N. Y. 98). A grant of land (a mill site) by metes and bounds carried with it a mill yard adjoining as appurtenant (Marvin v. Brewster Iron Mining Co., 55 N. Y. 549, 550, and 561; and Washburn's Easements and Servitudes, 3 Ed. 37, &c., Willard on Real Estate, &c., 218, &c.).
IV. The defendants took title from Mrs. Gillett upon a covenant “that the changes they should make ” shall not interfere with “ Doyle and Adolphi.”
V. The plaintiffs fully proved their case, and the ' court assumed “ that there was an interruption of the light and air by the acts of the defendants, as stated in the complaint, and that the plaintiffs had various witnesses in court to prove such allegations,” therefore, the relief claimed should have been granted, and the motion to dismiss the complaint denied. The case of Canaday v. Stiger (55 N. Y. 452), cited by the learned *427 Justice Freedman, as authority to sustain his views, seems to be against him, and in fact supports the plaintiff’s view. At page 454, Chief-Judge Church says r “ The parties are presumed to have been on the ground,, and known the condition of the house and the state of its completion.”
VI. If Mrs. Gillett desired to .change the legal effect of the demise, and the rights thereunder, she should-have reserved a privilege by agreement to build upon the yard, and to close up the windows. The mere fact that plaintiffs did not use the privy, did not prevent them from doing so; they did not surrender or part with any of their rights.
T. D. Pelton, attorney and of counsel for respondents, urged as to the matters discussed and decided:—I. The plaintiffs are not entitled to relief, upon the ground that the defendants’ occupation will interfere with the light and air flowing through their windows. There is-no authority in this state to support the plaintiffs, and they must rely upon the English doctrine in relation to-the obstruction of light and air. By that doctrine, and in the absence of express grant or covenant, the right to unobstructed lights may be established in two ways. (1) By prescription—as when one’s windows have-overlooked his neighbors unoccupied land for twenty years. Although we are not directly concerned with this branch, for the paintiffs have occupied but four years, yet it should be noted that the doctrine of “ancient lights” has been expressly repudiated in-this state, and held inapplicable to the growing cities and villages of this country (Parker v. Foote, 19 Wend. 316; Radcliffe v. The Mayor, 4 Coms. 195). (3) By implied covenant against obstruction, as where one conveys his house with windows overlooking his adjoining land (Saddon v. Senate, 13 East. 79; Pomfort v. Ricroft, 1 Saund. 322, 4 Kent’s Com. 473). *428 (a.) There can be no express or implied grant of light and air. They are common blessings, not subject of limitation, and can not be granted (Parker v. Foote, supra, 315; Cross v. Lewis, 2 Barn. & Cress. 628 Washburn on Real Property, 2d vol. 3d ed. 317; Moore v. Rawson, 3 Barn. & Cress. 340). (1) It follows that the plaintiffs must rely upon the second branch of the doctrine, or upon an implied covenant against the obstruction of light and air. (2) ISTo covenant can be implied from the lease to the plaintiffs (1 Rev. Stat. Edmond’s ed. § 140, p. 689; The Mayor v. Mabie, 13 N. Y. 155; Kinney v. Watts, 14 Wend. 38).
II. There was no demise of a right to the plaintiffs to derive light and air from the adjoining premises or rear lot. Such a right can not exist in this case without the implication of covenants. A grant can not be extended by implication (Grant v. Chase, 17 Mass. 441, 3 Cruise Dig. 47, art. 51. (1) The question presented here has been fully considered, and decided adversely to the plaintiff’s claim, in Myers v. Gemmel, (10 Barb. 537, 546); Palmer v. Wetmore (2 Sand. 316). The facts presented in these cases are so completely analogous to the present, that nothing can be added to their effect, (a) These cases have been recognized and approved by the court of appeals in Johnson v. Oppenheim (55 N. Y. 293); Washburn on Real Property, 313. (b) The same doctrine, declared upon analogous facts, is found in Collier v. Pierce (7 Gray, 18); Heverstick v. Sipe (33 Penn. 368); Mullen v. Stricker (19 Ohio 135); Morrison v. Marquand (34 Iowa, 35).
III. (1) The opinion of Judge Selden in Lampman v. Milk (21 N. Y.), is not an authority. The matter there discussed was not before the court, nor was the point essential to the decision of the case. The opinion is an obiter and not a precedent. “ A precedent in law is a decision arrived at by a competent tribunal *429 after a pertinent inquiry upon the points bearing upon the subject discussed” (Moloney v. Dows, 8 Abb. 321; Cohens v. Virginia, 6 Wheat. 264 and 299; 1 Bishop on Criminal Procedure, Sec. 1031-1033).
IV. The plaintiffs are not entitled to relief in this action, upon the ground that the defendants have removed the privies from, and occupied the premises in the rear yard. (1) That yard, with its privies, was not appurtenant to the store. The premises are clearly described, to wit: “ all that store on the first floor, &c., to be occupied by them as a dry goods store, with the appurtenances.” There is no pretense that the privies, or use of the yard, was (like a right of way) necessary to the enjoyment of the store. Plaintiffs had privies on other premises, (a) The premises granted are clearly defined in the deed, and are limited to the four walls of the store. The premises described in a deed can not be enlarged by the word “appurtenances ” (Grant v. Chase, 17 Mass. 441; Manning v. Smith, 6 Conn. 291; 3 Cruise Dig. 272), (b) There can be no presumption that the lease carried with it anything beyond the premises described. As the yard and privies were not within the description, the plaintiff’s right to use them can only be established by evidence that the parties contemplated and understood that such right should pass to the plaintiff as incidental to the premises (Phillips on Ev. C. & H. page 1403, note 956; 1 Greenleaf on Ev. 286; Carry v. Thompson, 1 Daly, 35). “Whether a thing not specifically described in the deed is a parcel or not of the thing demised, is always a matter of evidence” (Buller, J. in Doe v. Burt, 1 Term Rep., 704). (c) The facts show that it was not intended by the parties that a right to use the yard and privies should pass to the plaintiffs.
Mr. Pelton also made, with others, the following *430 point: The defendants had occupied the yard and removed the privies before the commencement of this action; the court will not restrain the defendants by injunction from doing an act already done ; but leave the plaintiffs to their remedy at law, which is ample (Bean v. Coleman, 44 N. H. 547); and also points as to the effect of the alteration.of the windows by the lessee.
By the Court.—Morell, Ch. J.
The decision of this case rests, I think, solely upon the construction, force, and effect of the lease from Ann GHJlett to the plaintiffs.
I am unable to discover anything in the extraneous or cotemporaneous facts or circumstances, which creates, enlarges, or varies the rights of the tenants. Whatever they acquired was under and in pursuance of their lease. If there was any parol understanding, it was before the lease was signed, and can not, therefore, be allowed to vary or contradict the terms of the lease. ISTor can any right be derived from the former occupancy, or the designed present use of the building. In both cases, doubtless, light and air were essential to its beneficial use and enjoyment; and the destruction or interruption of either, may seriously impair the habitability of the structure.
But light and air, however free and of common right, are not so inherent in a demise, that the lessor must absolutely protect his lessee in the free and uninterrupted enjoyment of them. The right maybe secured by express contract, and the tenant may protect himself, by making the lease terminable upon the happening of any substantial interference by the landlord, or those under him, with the use of these essential and desirable elements. But the law implies no such right and imposes no such obligation.
There is no express covenant in the plaintiff’s lease which covers the right they claim. The only covenant *431 is of quiet and peaceable enjoyment, which is broken only by actual, or possibly constructive eviction, and is always satisfied by damages.
The case rests, therefore, as has been already said, upon the quantum of interest the plaintiffs took under their lease. And for the purpose of examining the question, it may be treated as if the threatened obstruction was by Mrs. Grillett, and not by her tenants.
And it here may be said, that there is nothing in the letting to the defendants, which creates or recognizes any right in the plaintiffs, other than such as may be fairly im plied from their, lease.
It is well settled that the English law as to lights has not been adopted in this country (Parker v. Foote, 19 Wend. 309; Auburn, &c., Plank Road Co. v. Douglass, 9 N. Y. 447).
There is, therefore, no prescription growing out of a long user, which gives a right to a continued and uninterrupted use of light; and unless it passes to a tenant, as an incident or appurtenant to his lease, the law will not restrain the landlord from occupying or improving the adjacent space, even though such occupancy may impair or totally destroy, the beneficial use of the tenant’s property.
This may seem harsh doctrine ; but the rights, duties, and obligations of parties are governed by well-settled principles of law, and by the application of such principles their rights must be determined. If such principles do not afford sufficient, protection, it is always in the power of parties to protect themselves by express contract.
The plaintiff’s lease was of the store within its four walls. It did not cover any right to the use of any adjacent space, for any purpose whatever. Light is not an appurtenant, in the sense that it legally appertains to and is a part of the principal thing. If ancient lights are not protected in this country, even where the *432 use has continued and been uninterrupted for a long period of time, how can a tenant whose use of the light begins only with his term claim such protection ? His landlord does not engage that he shall have any more than is specified. What he does not express, can not be implied, unless the law implies it. And implications of an obligation on the part of a lessor in his lease, except that the tenant shall quietly enjoy, can not be made.
The case of Palmer v. Wetmore, in this court (2 Sandf. 316), determined this question. The action was upon the covenant to pay rent. The defense an eviction.
The plaintiff owned several lots, one of which he demised to the defendant. He afterwards built on some of the other lots, and the building obstructed the light in the defendant’s windows. Oakley, Ch. J., says,—"where there is no question of ancientlight, the owner of a lot adjoining a house may so improve or build upon his lot, as to shut up the windows of such house that are situated in the end or side adjacent to his lot. We see no reason why a landlord, in respect to his tenant, is more restricted as to his vacant lots than he' would be in respect to any other owner, for years or in fee, of an adjacent house.”
That decision ha.s not been authoritatively disturbed, and the principle has been frequently recognized and affirmed (Banks v. Am. Tract So. 4 Sandf. Ch. 438, 464; Mahan v. Brown, 13 Wend. 261; Picard v. Collins, 23 Barb. 445, 458).
It is not necessary in this case, to go to the extent to which the doctrine is carried in Palmer v. Wetmore. There the payment of rent was resisted on the ground of a constructive eviction by reason of the obstruction of light to the demised premises. That, if any, was the tenant’s remedy ; or, if there was any breach of a covenant, express or implied, he might have sued for damages.
*433 But a remedy at law does not give a remedy in equity ; on the contrary it destroys the right to go into equity, except where the injury is irreparable for damages.
There is a dictum in Lampman v. Milks (21 N. Y. 512), where the learned judge refuses to recognize Parker v. Foote (ubi sup.), as bearing upon the doctrine, “ that if a man builds a house, and at the same time owning both the site of the house and the adjoining land, and then sells the house, neither he nor his grantees can afterwards build upon the vacant ground, so as to obstruct the windows of the house.” But the learned judge did not refer to Meyers v. Gemmel (10 Barb. 537), nor to Palmer v. Wetmore (ubi sup.), both of which cases are cited with approval in the much more recent case of Johnson v. Openheim (55 N. Y. 293), where the court says, ‘‘the mere building upon or other improvement of the adjoining lot, by which the premises of the defendants were rendered less commodious of occupation, or less suitable to the uses of the defendants, did not affect the right of the plaintiff to their rent, or authorize the defendants to terminate the lease and abandon the premises.”
The dictum in Lampman v. Milks was obiter. The action was for diverting a water-course, and involved the question of servitudes and easements passing under a deed, and not rights which at most rest upon prescription.
Upon the whole, I am of the opinion, that this case was decided correctly at the special term. There was nothing expressed in the written lease, or that could legally be implied from it, nor in the relation of the parties, that gave to the plaintiff such an absolute right to the use of light to the demised premises, as, if he was deprived of it by their lessor or his grantees, would constitute a cause of action.
It follows, therefore, that there has been no threat *434 ened illegal interference with or obstruction of such light, so as to furnish a status to the plaintiffs to seek the restraining power of the court to prevent it.
The judgment should be affirmed, with costs.
Speir, J., concurred.