Barrett, J.
It is conceded that, as between adjoining owners, who are strangers to each other, one does not, by building on the line of his own ground, acquire a right to light from his neighbor’s ground. It is claimed, however, that if both proprietors obtain their title from a common source, the same grantor having conveyed the tenement with the windows to one, and the ground overlooked to another, the windows cannot be obstructed.
This claim is based upon the dicta of Selden, J., in Lampman v. Milks (21 N. Y. 505), and it certainly is favored by Messrs. Tyler and Washburn in their treatises. The weight of authority, however, in this State, is decidedly the other way. The precise point was discussed in Myers v. Gremmel (10 Barb. 537), and it was there held that the landlord might lawfully darken or stop the windows by any erection on the other lot; that such an act was not in derogation of his own grant; and that he could not be restrained by injunction from so doing. So in Palmer v. Wetmore (2 Sandf. 316), it was decided that a landlord who owns a lot adjoining the demised premises has a right to build on such land, though he may thereby obstruct and darken the windows in the tenement demised. Oak-let, Ch. J., said that, if this were not so, the landlord would be deprived of the full benefit of his own property. “We perceive,” he adds, “no reason why a landlord, in respect of his tenant, is more restricted as to his vacant lots than he would be in respect of any other owner for years or in fee, of an adjacent house.”
In Doyle v. Lord (64 N. Y. 439), these cases were approved of. Earl, J., observed that “under these authorities, if the lessor had sold the store and lot upon which it stood, twenty-five feet by fifty-one, the grantee would have taken no right to light and air from the balance of the lot. In that case the grantor could ham built upon the balance of the lot, and thus *439 have darlcened the windows in the store without violating any rights of the grantee.” The same rule now applies in Massachusetts (Keats v. Hugo, 115 Mass. 204). It was there explicitly held, that the grant of an easement of light and air is not implied from the grant of a house having windows overlooking land retained by the grantor.
The cases of Palmer v. Wetmore, and Myers v. Gremmel, were cited with approval, and the dicta of Seldeh, J., in Lampman v. Milks, rejected as obiter. It is true that the question is one of intent, but, in the absence of any covenant, that is not to be presumed from the mere existence of the windows. Such intention must be evident and palpable, that is, from, mere inspection, as in the Jauncey court illustration referred to in Myers v. Gremmel. The intent to limit the use of a vacant space will not be lightly implied.
In the case at bar, the intention to afford No. 1 Fifth avenue the advantage of these additional windows only until it became convenient to build upon the adjoining lot, is as fair a presumption as that claimed by the plaintiff. The logical result of that claim is, that, in case no building at all had been erected on No. 3 Fifth avenue, and windows in the northerly wall of No. 1 Fifth avenue had been extended all along to the front of the building, the entire adjoining lot would have to remain perpetually vacant, or, at all events, that no structure could ever be erected thereon which would interfere with those windows.
The motion to continue the injunction must, therefore, be denied, and the temporary injunction dismissed, with $10 costs.