McAdam, J.
The plaintiff is the owner in fee simple of the premises No. 47, 49 and 51 Pike street, in the city of New York, with the six-story building thereon, extending back eighty-six •feet in depth. The defendants are the owners of the property immediately in the rear of that belonging to the plaintiff. The windows of the plaintiff’s building look over into the premises of the defendants and invade their privacy. The defendants, to avoid this, commenced to erect upon the extreme rear of their lots large poles upon which it was designed to place sheet iron plates, all for the express purpose of shutting off the light from the offending windows. The bill of complaint was filed by the plaintiff to restrain the acts as being maliciously done, and upon the ground of irreparable injury to his property, and the present is a motion to continue the temporary injunction. The decision ■of the question involves the legal rights of the adjoining owners, which will now be considered. The English rule in regard to ancient lights has been repudiated in this state and generally throughout the country. See cases collated in Knabe v. Levelle, N. Y. L. J., January 14th, 1893.
Under the rule prevailing here an owner of property may place windows in the walls of his house, though they overlook his neighbor’s land. This is his right. The neighbor has some rights also, for he may, if he chooses to do so, build to the extreme end -of his land, and in that way shut off the offending windows. Indeed, he may build for the express purpose of shutting them •off, and whether the erection consists of poles with sheet-iron plates, or of solid brick, is all the same, and the motive of no consequence whatever, for where an act is legal, - the motive with which it is done is wholly immaterial. Nullis videtur dolo facere qui suo jure utitur. The acts complained of are not, within a legal sense, the use by the defendants of their property to the injury of another, for no one, legally speaking, is injured or damnified unless some legal right of his has been infringed. Mahan v. Brown, 13 Wend., 261; Parker v. Foote, 19 id., 309; Palmer v. Wetmore, 2 Sandf., 316; Myers v. Gemmel, 10 Barb., 537; Shell v. Kemmerer, 13 Phila., 502 ; Shipman v. Beers, 2 Abb. N. C., 435; 2 Washburn on Real Prop., 5th ed., 361, 365 ; Gerard on Titles, 3d. ed., 763; Doyle v. Lord, 64 N. Y., 432. Goddard in his work on Easements (Banks’ ed., 1871) says: “The erection of a wall or other obstacle is indeed the only remedy available to a land owner, if he is annoyed by the opening of windows overlooking his grounds; he can maintain no action, nor can he obtain relief at law or in equity, for disturbance of privacy is not an injury which the law will recognize.” This brief summary finds support in the authorities, cited by the author, and in the case above collated, and accord with the views of other eminent writers upon the subject of easements of that character. It will not do for a man to build to the extreme end of his lot, and then complain because his rear neighbor in exercising the same privilege has cut off the light, air or prospect he formerly enjoyed. He should not rely upon the generosity of his neighbor, and must depend upon himself, by reserving space enough on his own land *638 for all his requirements, light, air and vision included. These elements form valuable easements to be acquired only by grant or prescription, neither feature forming any part of this controversy.
The rule is certainly an equitable one, and in harmony with the principle that a man may do what he pleases with his own, so long as he does not infringe upon some right or title of another. See cases on all the above propositions collated in 28 Am. Dccis., at p. 464.
It follows that the motion to continue the injunction must be-denied and the temporary writ dissolved, with ten dollars costs.