HORACE W. GARLAND and Another, Respondents, v. CORTLANDT S. VAN RENSSELAER, Appellant, Impleaded with Another.

*Mechanic's lien — proper parties to its foreclosure — " owner " within section 5 of chapter 342 of 1885.*

An owner of land, who has entered into a contract for the sale thereof with a company which has purchased certain material for the building of a house thereon, is, under section 5 of chapter 342 of the Laws of 1885, to be deemed the owner of the land until the deed thereof has been actually delivered, and is a proper party to an action brought for the foreclosure of a lien filed by the party selling such material to the contract vendee.

The company, the contract vendee, is also a proper party defendant in such an action, but the sureties to the bond given by the owner, under section 24 of that act, in order to procure an order discharging the lien, are not necessary parties to an action for the foreclosure thereof, and the principal debtor can be properly sued alone upon such bond.

APPEAL by the defendant, Cortlandt S. Van Rensselaer, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 1st day of March, 1893, overruling his demurrer to the plaintiff's complaint, and from an order entered in said clerk's office on the 28th day of March, 1893, denying a motion to vacate said judgment.

The action was brought for the foreclosure of a mechanic's lien on certain premises in the town of Harrison, Westchester county,

New York, the complaint in which alleged that Cortlandt S. Van Rensselaer had entered into a contract for the sale of the land in question with the defendant, The Commonwealth Security and Improvement Company, which company was in lawful possession of the premises under such contract, and before the performance and completion of the same the plaintiffs, at its request, and with the knowledge and consent of the said Cortlandt S. Van Rensselaer, built and erected upon the premises a certain building and furnished and supplied therefor all the labor and material used in the erection and construction of the same.

That thereafter, pursuant to the provisions of the statute, a notice of lien was filed describing the said land, and that subsequent to the filing of such notice The Commonwealth Security and Improvement Company, being the vendee in possession of said premises by authority of the aforesaid contract, relinquished and released to the said Cortlandt S. Van Rensselaer all its right, title and interest in and to said premises, together with the buildings and improvements erected thereon as aforesaid, the notice of lien being at that time uncanceled and of record, and thereupon said Cortlandt S. Van Rensselaer resumed possession of the premises.

That the said Cortlandt S. Van Rensselaer subsequently filed with the clerk of the county of Westchester his bond, with two sureties, conditioned for the payment of any judgment that might be rendered against the premises in any proceeding to enforce said lien, which bond was duly proved and an order of the court was made whereby it was ordered that the said lien be discharged, and the clerk of Westchester county was directed to cancel the same of record.

To this complaint the defendant, Cortlandt S. Van Rensselaer, demurred on the ground that it did not state facts sufficient to constitute a cause of action.

*Howard Allison* and *Isaac N. Miller*, for the appellant.

*Charles P. Cowles* and *Justus A. B. Cowles*, for the respondents.

BARNARD, P. J.:

Under the Lien Law (Chap. 342, Laws of 1885), the plaintiffs had a lien on the land in question. The defendant Van Rensselaer con-

tracted to sell the same to the defendant, The Commonwealth Security Company. The security company built a small.house on the land with lumber obtained of the plaintiffs with the knowledge and consent of Van Rensselaer. By the 5th section of the Lien Act, Van Rensselaer was to be deemed the owner until the deed was actually delivered. By the 24th section of the act the owner, by filing a bond with surety, can procure an order discharging the lien. Such a bond was given and approved by the court and an order entered that the lien be discharged and canceled of record. The bond and order are made part of the complaint by an allegation to that effect and not by the actual annexation of a copy thereof to the complaint. It does not appear who signed the bond besides Van Rensselaer. Van Rensselaer alone demurs. His demurrer was properly overruled. He could only be made liable by proof that a lien actually existed on his property. That made the defendant company a necessary party. It was not necessary that the plaintiffs should make the sureties to the bond parties. The principal debtor can be sued alone upon it. (Code, § 454.)

The order overruling the demurrer and the interlocutory judgment upon it must, therefore, be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order overruling demurrer to complaint and judgment therein affirmed, with costs.