(4 Misc. Rep. 532.)

### PATTERSON GAS GOVERNOR CO. v. GLENBY.

(Common Pleas of New York City and County, General Term.   August 9, 1893.)

1. SALE—COMPLIANCE WITH CONDITIONS—BURDEN OF PROOF.
   In an action to recover the price of a gas governor for which defendant promised to pay on the express condition that it would show, after 60 days' fair trial, a saving of 15 to 40 per cent. in gas, the burden of proving compliance with the condition is on plaintiff.

2. SAME—OPINION EVIDENCE.
   In such a case a statement by a witness for plaintiff, who had examined defendant's gas meter, that the use of the governor had effected a saving of over 30 per cent., was inadmissible as stating a conclusion.

3. TRIAL—OBJECTIONS TO EVIDENCE.
   Where an objectionable answer cannot be reasonably apprehended from the question asked, the failure to object to the question asked does not render the answer competent.

Appeal from eighth district court.

Action by the Patterson Gas Governor Company against Saul Glenby.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

P. C. Tallman, for plaintiff.
A. H. Sarasohn, for defendant.

BISCHOFF, J.    Defendant's promise to pay was made upon the express condition that the gas governor would demonstrate, after 60 days' fair trial, a saving of from 15 to 40 per cent. in the consumption of gas.    The burden of proving performance of the condition rested upon plaintiff, and, failing to sustain it by sufficient evidence, no cause of action against defendant was established.    Attentive consideration of the evidence, as it was finally submitted to the justice below, fails to justify the conclusion that plaintiff did sustain the burden by fair preponderance of the evidence.    So, also, Patterson, a witness for plaintiff, was asked upon his direct examination to state from his examination of the meter what saving was made by the use of plaintiff's apparatus, to which he replied that it effected a saving of over 30 per cent.    On motion of defendant's counsel, the court refused to strike the answer out, and the exception to this ruling presents error, for which the judgment must be reversed.    The answer was objectionable, in that it substituted the witness' conclusion for the facts upon which it was founded.    Whether or not a saving of gas was effected by the use of plaintiff's apparatus was the question at issue, and this could only be properly determined by the court.    Nor could the objectionable answer have been reasonably apprehended from the question addressed to the witness; hence the failure to object to the question did not render the answer competent.    Platner v. Platner, 78 N. Y. 90, 102; Bank v. Cowan, 2 Abb. Dec. 88.    The judgment should be reversed, and a new trial ordered, with costs to abide the event.