(9 Misc. Rep. 126.)

PATTERSON GAS GOVERNOR CO. v. LICHTENSTEIN BROS. CO.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   The decision of a district court on conflicting evidence will not be disturbed on appeal.

2. EVIDENCE—DECLARATIONS—OFFICER OF CORPORATION.
   In an action against a corporation, declarations of its president, though not admissible as evidence in chief against the corporation, are admiss.ble on cross-examination to impeach the president as a witness.

Appeal from eighth district court.

Action by the Patterson Gas Governor Company against Lichtenstein Bros. Company.   There was a judgment in favor of plaintiff, and defendant appeals.   Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Jay C. Guggenheimer, for appellant.

P. C. Talman, for respondent.

BOOKSTAVER, J.   This action is brought to recover the purchase price of a gas governor furnished by plaintiff to defendant. Defendant's promise to pay was made upon the express condition that the gas governor would demonstrate after 30 days' trial a saving of from 15 to 40 per cent. in the consumption of gas.   A contract similar in all respects to the one under consideration on this appeal, except as to the length of time for trial allowed, was before us in Gas Governor Co. v. Glenby, 4 Misc. Rep. 532, 24 N. Y. Supp. 575, and there we held the burden of proving the performance of the condition rested upon the plaintiff; and on the trial of this action the plaintiff seems to have been governed by that decision, and offered

considerable evidence tending to sustain that burden. It is true that it was contradicted by evidence on behalf of the defendant. But this conflicting evidence, as is manifest from the opinion delivered by the justice who tried the case, was weighed by him in his usual careful manner, and he determined the controversy in favor of the plaintiff. Where the evidence is conflicting, we will not reverse the judgment of a district court, unless it is clear injustice has been done. Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776; Schwartz v. Wechler, 2 Misc. Rep. 67, 20 N. Y. Supp. 861; Lynes v. Hickey (Com. Pl. N. Y.) 24 N. Y. Supp. 731. We may add that a careful reading of the testimony leads us to think, so far from injustice having been done in this case, that the justice arrived at a correct conclusion on all the testimony, and that the defendant's refusal to pay for or longer use the gas governor was because it found other companies would furnish it with the same kind of an attachment or governor free of charge.

It only remains to consider the exceptions taken to the introduction or exclusion of evidence. Mr. Lindheim, the president of the defendant, was examined as a witness on its behalf, and during the progress of the examination his business card was shown him, on which was written "M. A. Lewin, c/o Julius Stein & Co., 515 Broadway: The bearer represents the Patterson Gas Governor Co., the party I spoke of. . If you try the governor, I am sure you will effect a large saving in your gas bills. R. L.,"—and he was asked whether it was in his handwriting, to which he answered that it was. It was then offered in evidence, and defendant's counsel excepted to its admission. Appellant now contends that this was error, and that the president had no power to bind his company by any acts of his of this kind, especially as it was three months.after the governor had been put in. And this would undoubtedly be true had it been offered in chief, or to prove an admission; but it was evidently not offered for that purpose, but to contradict the witness upon a material point, and tended to impair the force of his testimony. Mr. Patterson, the general superintendent of the plaintiff, was a witness on its behalf, and in his direct examination, when testifying as to certain gas bills, was asked whether or not these bills were for the time the governor was on, and he answered by stating the time it was on, and the amount of gas then consumed; and also when it was not on, and the quantity of gas consumed during that time. This latter part the defendant objected to, and moved to strike out that portion of the answer, which was denied. We think there was no error in this refusal, as, although it may not have been directly responsive to the question put, it did not lie in the mouth of the defendant to object to it on that account so long as it was pertinent to the issues in the case; and we think it was. The other objections and exceptions taken during the progress of the trial were based upon similar grounds, and, we think, are equally untenable. The judgment should therefore be affirmed, with costs.