(12 Misc. Rep. 17.)

### HARDEGG v. WILLARDS.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. BAILMENT—CONSIDERATION—RECIPROCAL BENEFITS.

   A reciprocal benefit between bailor and bailee, from the deposit of the former's picture in the latter's gallery, is a sufficient consideration to raise a duty and support a promise of care in the custody of the picture.

2. MASTER AND SERVANT—NEGLIGENCE—UNAUTHORIZED ACTS.

   It is no answer to an action against a master for an injury by his servant, in performing an act for the benefit of the master, that the servant's duties were in another department of the business, and he did the act without the express authority or direction of the master.

(Syllabus by the Court.)

Appeal from district court.

Action by Frederick Hardegg against Willards, a corporation, for injury to a picture. A judgment was rendered in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thomas C. Ennever, for appellant.

Charles W. Coleman, for respondent.

PRYOR, J. The judgment for the plaintiff must be taken as resolving all controverted questions of fact in his favor. Sutter v. Vanderver, 122 N. Y. 652, 654, 25 N. E. 907. Upon appeal from a district court, we will not, except in case of clear injustice, review and readjust the weight of evidence. Patterson, etc., Co. v. Lichtenstein Bros. Co., 9 Misc. Rep. 126, 29 N. Y. Supp. 279; Lynes v. Hickery, 4 Misc. Rep. 522, 24 N. Y. Supp. 731. It is idle, then, to argue that the deposit of the picture with the defendant was upon a gratuitous bailment, for the evidence shows a reciprocal benefit to the parties, in a mutual advantage from the exhibition of the picture in the defendant's gallery. Nay, more; in return for the privilege of such exhibition, the plaintiff promised to procure orders for the defendant, and to forego his commission. Being thus a bailee for reward, the law implies on the part of the defendant an undertaking of diligence; and, indeed, such was its express engagement. It

is unnecessary, therefore, to follow counsel in their interesting discussion as to the responsibilities of a mere depository. In this case the bailment was of the class, locatio operis faciendi, and the duty of the defendant was to observe ordinary care in the safe custody of the picture. The question then is, did the defendant discharge that duty? In other words, is the defendant chargeable with ordinary negligence? Clearly, such negligence may not be imputed to the defendant for merely putting the picture in a showcase. The plaintiff assented to its being so placed, and himself says it was a safe repository. The injury to the picture was by the act of a boy, in dusting it,—a duty incumbent on the master, and essential to the security of the picture. The boy was a servant of the defendant, but as his employment was in the manufacturing, and not in the exhibition, room of the defendant's building, and as it was neither his duty nor direction to dust the picture, the defendant contends that it is not responsible for his act. The general rule is that liability attaches to a master only for such acts of the servant as are committed in the execution and within the scope of his employment. But, adds an author of high repute, a master "cannot limit his responsibility for any particular servant by employing him only with reference to a single branch of the business. If a servant, under such limited employment, nevertheless undertakes to serve his master in any other matter connected with the general business, and the limitation is not known to the person with whom he deals, the master is responsible for the acts of such a servant, in such matters, as much as for those of any other servants engaged in the business." 1 Shear. & R. Neg. § 146. Accordingly, where a laborer in the hardware department of a blacksmith's shop, without the authority or direction of the master, undertook to shoe a horse,— another and different employment,—it was adjudged that the master was responsible for an injury to the horse from the want of care and skill of such officious intermeddler. Leviness v. Post, 6 Daly, 321. The picture was in the custody and care of the defendant. The injury was done by defendant's servant. It is not apparent that the defendant took any precaution to prevent the injury. Hence, defendant's liability is a necessary conclusion. At all events, coupling the improbability of the story that the boy undertook the labor of cleaning the picture without direction or authority with the interest of the witness (defendant's manager) in the event of the litigation, the scope of the boy's employment was a question for determination by the trial justice. Volkmer v. Railroad Co., 134 N. Y. 418, 31 N. E. 870; Nicholson v. Conner, 8 Daly, 212; Courtney v. Baker, 60 N. Y. 1.

Upon still another ground the judgment may be upheld. When plaintiff was hesitating, because of the delicacy and value of the picture, to place it with the defendant, his reluctance was persuaded by an express pledge of responsibility on the part of the defendant. And after the destruction of the picture he was again assured that "the firm is responsible, and you will get paid for it." Happily for the interests of justice, the defendant's escape from liability is no more consistent with law than with morals.

The exception to evidence of the value of the picture is untenable. In the absence of a market price, the proof was clearly competent. Judgment affirmed, with costs. All concur.