(22 Misc. Rep. 120.)

### EMERALD & P. BREWING CO. v. LEONARD.

(Supreme Court, Appellate Term. December 27, 1897.)

1. BAILMENT—TERMINATION OF CONTRACT—LIABILITY OF BAILEE.
   Where a contract of storage fixes no term for its duration, it may be terminated at the will of either party, and the bailee, upon giving notice to the bailor, and affording reasonable opportunity to take the property away, is relieved of further liability.

2. PAROL EVIDENCE—WRITTEN CONTRACT.
   The rule that parol testimony may not be given to contradict a written contract applies only in suits between the parties to it.

3. APPELLATE TERM—REVIEW OF EVIDENCE.
   On an appeal to the appellate term of the supreme court from the judgment of a district court, the judgment resolves all controverted questions of fact in favor of the prevailing party, and the weight of evidence will not be reviewed, except in a case of clear injustice.

Appeal from Eighth district court.

Action by the Emerald & Phœnix Brewing Company against Michael Leonard. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Isaac N. Miller, for appellant.
James F. Higgins, for respondent.

McADAM, J. On March 12, 1895, the plaintiff placed on storage in the cellar of defendant's liquor store, No. 2641 Eighth avenue, ten casks of old stock ale, on the understanding that the defendant might, if he desired, use the ale in his business, upon paying $17 net as each cask was used. The defendant, under this arrangement, used two casks of the ale, which he paid for on November 29, 1895, when he sold the business to John McCabe. The defendant testified that he did not sell the eight casks of stock ale in the cellar; that he told his vendee the ale belonged to the plaintiff, and was there on storage only; and that his vendee agreed to arrange with the

plaintiff concerning it.    He further testified that, when he sold
the place, he went to the plaintiff, and, after paying for the two
casks which he had used, notified the plaintiff of the sale, and that
the plaintiff must either take the old ale out of the cellar or make
arrangements with McCabe concerning it.

There can be no doubt that this notice was given, for the plaintiff's
salesman, Mr. Theiss, testified that, when the defendant settled for
the two casks of ale, "he said he had sold out to McCabe, and for
us to take out the stock ale, or collect from McCabe."    The storage
was not for any definite time, and was therefore terminable at the
will of either party.    In such case "the bailment may be terminated
by the act of the bailee.    He may refuse to continue the relation
longer, when, after notifying the bailor to that effect, and giving him
an opportunity of getting the thing back, he will stand released."
Lawson, Rights, Rem. & Prac. § 1712; Roulston v. McClelland, 2
E. D. Smith, 60; Dale v. Brinckerhoff, 7 Daly, 45.    The bailment
was therefore effectually terminated by the notice given.

The plaintiff bases its right to recover upon the ground that the
defendant made a sale of the eight casks of ale to McCabe, and
by the exercise of this dominion converted the same to his own use;
but it waived the alleged tort, and sued upon contract, as for goods
sold and delivered.    See Terry v. Munger, 121 N. Y. 161, 42 N. E.
272; 26 Am. & Eng. Enc. Law, 792; 3 Wait, Act. & Def. 529; 4
Wait, Act. & Def. 475; 6 Wait, Act. & Def. 214; 7 Wait, Act. & Def.
484; Moak, Underh. Torts, 607; McGoldrick v. Willits, 52 N. Y. 612;
Abbott v. Blossom, 66 Barb. 353.    The plaintiff's contention fails,
however, in view of the finding that the defendant did not sell the
ale to McCabe.

The plaintiff goes a step further, and insists that the defendant
allowed McCabe to assume control of the property, and that Mc-
Cabe's refusal to give it up to the plaintiff is equivalent to a denial
by the defendant of the plaintiff's right to possession.    As the finding
of the justice proceeds on the ground that the ale was never in Mc-
Cabe's possession, except as a temporary care taker, upon the under-
standing that the property belonged to the plaintiff, and that he
must arrange with it if he desired to use the ale, this claim also fails,
in view of the fact that the defendant terminated his relation to the
plaintiff as bailee by giving the bailor due notice.    The defendant at
all times disclaimed any ownership or right of dominion over the ale,
and seems to have conceded all through that the plaintiff was entitled
to the property, and ought to take it away from the store.    It is
difficult, therefore, to discover any legal ground upon which he can
be held for McCabe's refusal to surrender the property to the plaintiff.

The plaintiff, to establish his cause of action, offered in evidence
the bill of sale from the defendant to McCabe, transferring "the good
will of the business carried on    *    *    *    in premises Number 2641
Eighth avenue, in the city of New York, together with all the goods,
chattels, stock in trade, etc."    Under objection and exception by
the plaintiff, the defendant was permitted to testify that at the time
of the sale he told McCabe that the ale did not belong to him, but

to the plaintiff, and that McCabe said he would make arrangements with the plaintiff concerning it. This ruling is assigned as error. The evidence was clearly admissible. In Lee v. Adsit, 37 N. Y. 78, it is said that "the rule that parol extrinsic evidence shall not be received to contradict or vary a contract which is in writing applies only in controversies between the parties, promisor and promisee, in such contract," and that "the writing is not conclusive as between one of the contracting parties and a third person." And in McMaster v. Insurance Co., 55 N. Y. 222, it was held that "the rule that parol testimony may not be given to contradict a written contract applies only in suits between the parties to it or their privies." "It does not apply to third persons, who are not precluded from proving the truth, however contradictory to the written statements of others. Strangers to the instrument, not having come into this agreement, are not bound by it, and may show that it does not disclose the very truth of the matter. And as, in a contention between a party to an instrument and a stranger to it, the stranger may give testimony by parol differing from the contents of the instrument, so the party to it is not to be at a disadvantage with his opponent, and he, too, in such case, may give the same kind of testimony." See, also, Lowell Mfg. Co. v. Safeguard Fire Ins. Co., 88 N. Y. 591; Juillard v. Chaffee, 92 N. Y. 529, 534; Hankinson v. Vantine, 152 N. Y. 20, 31, 46 N. E. 292; Barreda v. Silsbee, 21 How. 146, 170; Greenl. Ev. § 279.

Another rule under which the evidence might perhaps have been admitted is that, where the description is ambiguous, it may be made intelligible by evidence aliunde, for parol evidence is always admissible to ascertain the nature and qualities of the subject-matter to which the instrument refers. Doe v. Burt, 1 Term R. 704; Cary v. Thompson, 1 Daly, 35; Thomas v. Truscott, 53 Barb., at page 204. The instrument not being between the parties to the record, the facts of the transaction were open to the fullest investigation, and on the finding of the justice showed that there was no cause of action against the defendant.

The judgment resolves all controverted questions of fact in favor of the defendant, and the weight of evidence will not be reviewed, except in a case of clear injustice. Hardegg v. Willards, 12 Misc. Rep. 17, 33 N. Y. Supp. 25; Huller v. Wynne, 16 Misc. Rep. 580, 38 N. Y. Supp. 700; Burnham v. Butler, 31 N. Y. 480; Halsey v. Hart, 85 Hun, 46, 32 N. Y. Supp. 665.

The judgment is sufficiently sustained by the evidence, and must be affirmed, with costs. All concur.