### GREENE v. SHAIN.

(Supreme Court, Appellate Term.   February 28, 1898.)

1. CORPORATIONS—REFUSAL TO EXHIBIT TRANSFER BOOK—EVIDENCE.
    In an action brought to recover the penalty imposed by Stock Corporation Law, § 53, as amended by Laws 1897, c. 384, for an alleged "refusal" by defendant to allow plaintiff, a stockholder of a foreign corporation, to inspect its transfer book, it appeared that the demand was made shortly after the statute was enacted, and that defendant merely stated that he did not "refuse" to show the book, but could not show it, because it was not in the state, and that immediately thereafter such a book was placed in the New York office, where plaintiff was at liberty to see it.   *Held*, that the statute, being penal, should be strictly construed, and that there had been no such "refusal" as it contemplated.

2. APPEAL—REVIEW.
    Where the justice of a district court has made his decision on controverted questions of fact, the weight of evidence will not be reviewed by the appellate term of the supreme court except in cases of clear injustice.

Appeal from Seventh district court.

Action by Burton E. Greene against Charles D. Shain.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

D. J. M. O'Callaghan, for appellant.
Alexander Tison, for respondent.

GILDERSLEEVE, J.   The action is brought to recover a penalty of $250, under chapter 384 of the Laws of 1897, amending section 53 of the stock corporation law.   The statute provides as follows, viz.:

"Every foreign stock corporation, having an office for the transaction of business in this state, except moneyed and railroad corporations, shall keep therein a book to be known as a 'stock book.' * * * Such stock book shall be open daily, during business hours, for the inspection of its stockholders. * * * If any such corporation has in this state a transfer agent, * * * such stock book may be deposited in the office of such agent, and shall be open to inspection at all times, during the usual hours of transacting business, to any stockholder. * * * For any refusal to allow such book to be inspected, such corporation and the officer or agent so refusing shall each forfeit the sum of $250, to be recovered by the person to whom such refusal was made."

The plaintiff was a stockholder of the corporation known as the Electricity Newspaper Company, a foreign corporation, and not a moneyed or railroad one.   It is undisputed that this corporation had no transfer agent in New York.   On August 2, 1897, somewhat more than two months after the statute in question had gone into effect, plaintiff and his attorney, Mr. O'Callaghan, went to the office of the corporation in this city, where they found defendant, who was also a stockholder, sitting at an open desk in the business office.   Plaintiff made a demand on defendant for an inspection of the stock book. Defendant replied that the only stock book was in New Jersey; whereupon Mr. O'Callaghan said to defendant: "Do I understand you to refuse to show Mr. Greene the stock book?"   Defendant replied: "No; I do not refuse.   It is not here.   I cannot show it to him." The plaintiff thereupon brought this action for the penalty provided

for in the statute above referred to, claiming that the defendant was an officer of the corporation, and had refused to allow plaintiff to inspect the stock book. The defendant denies both of these allegations. The testimony shows that the corporation did not have a stock book there at the time of this demand; but immediately afterwards, having had their attention called to the statute, enacted some two months before, of which they had been in ignorance, they prepared such a book, and had it placed in their New York office, where plaintiff was at liberty to inspect it had he so desired.

The statute under which this action is brought, being penal in its character, must be strictly construed. Its scope must not be enlarged by implication or inference, and the penalty must not be imposed, except in a case where the plain language of the provision requires it. See Whitaker v. Masterton, 106 N. Y. 277, 12 N. E. 604. A strict construction of the wording of this statute does not authorize any assumption that defendant is punishable for the neglect of the corporation to have the stock book on hand on the occasion in question. The only issue raised by plaintiff's claim in the case is this, viz.: "Was defendant an officer of the corporation, and did he refuse to allow the plaintiff to examine the stock book?" Inasmuch as there was no stock book there, it was clearly beyond defendant's power to comply with plaintiff's demand; and he particularly stated that he did not refuse, but that he could not show the book to plaintiff, for the reason above stated. See Kelsey v. Fermentation Co., 41 Hun, 20.

The evidence as to whether defendant was an officer of the corporation is conflicting, and not very satisfactory. Defendant and one of his witnesses deny positively that he was an officer, but admit the performance of acts and duties on his part that rather tend to show the contrary. We think, however, that there was sufficient evidence to sustain the justice in finding that defendant was not such an officer, within the intendment of the law, as to be subjected to the penalty in question. Where the justice has made his decision on controverted questions of fact, the weight of evidence will not be reviewed, except in cases of clear injustice. See Patterson Co. Gas Governor v. Lichtenstein Bros. Co., 9 Misc. Rep. 726, 29 N. Y. Supp. 1147.

We are of the opinion that the judgment appealed from should be affirmed, with costs. All concur.