### GWILLIM et al. v. SMITH.

(Supreme Court, Appellate Term. February 24, 1899.)

APPEAL—FINDINGS—CONFLICTING EVIDENCE.
    Judgment on conflicting evidence will not be disturbed on appeal, unless it is clear that injustice has been done.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Reese B. Gwillim and another against Anastacia Smith. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

George A. Baker, for appellant.
Harris & Corwin, for respondents.

FREEDMAN, P. J. The claim of the plaintiffs in this action is that they were employed by the attorney (Baker) for the defendant to search the title to a certain portion of real estate upon which the defendant sought to obtain a loan, and that they were to receive for their services the sum of $25, and in addition thereto their actual disbursements. The defendant admits the employment of the plaintiffs by Baker, her attorney, and admits that he (Baker) was authorized to so employ the plaintiffs, but contends that the terms of the agreement were that if the search showed a defective title, or the loan was not obtained, then and only in that case were the plaintiffs to be paid. There is a direct conflict of testimony on this question. Meyers, one of the plaintiffs, and the only witness called by plaintiffs, testifies positively that he was employed to make the search, and was to have $25 for his services, and in addition thereto his disbursements, and that his compensation "was not dependent on a good title and that the loan passed." Baker, the defendant's witness, is equally positive that such was the condition imposed by him, and that upon that condition, and that only, were plaintiffs entitled to recover any-

thing. The appellant in her brief uses this language: "The only point on which the testimony of the plaintiffs and defendant disagrees is as to the terms of the contract; plaintiffs contending that there were no conditions, and the defendant contending that the contract was to pay plaintiffs $25 and disbursements, provided the loan went through or the title was found to be defective." This makes it a question of fact, to be passed upon by the trial court, and the judgment of a district court rendered upon conflicting evidence will not be reversed, unless it is clear that injustice has been done. Patterson Gas-Governor Co. v. Lichenstein Bros. Co., 9 Misc. Rep. 126, 29 N. Y. Supp. 279; Mitchell Vance Co. v. Daiker (Com. Pl.) 19 N. Y. Supp. 378. There is no evidence of injustice having been done in this case.

Judgment affirmed, with costs. All concur.